SAM DODSON V. THE STATE.

No. 2831. Decided February 10, 1904.

**1.—Charge of the Court—Self-Defense.**

A charge on self-defense should not couple distinct matters of defense and link them together and require the jury to believe all of them in order to acquit, and that if the jury should disregard any of these enumerated grounds, they could not apply the law of self-defense.

**2.—Same—Reasonable Appearance of Danger.**

If the facts or circumstances were such that it reasonably appeared to defendant that he was about to lose his life or have serious injury inflicted upon him, he had a right to act in self-defense, and it was error of the court to instruct the jury that defendant must have the right to reasonably believe that deceased was about to take defendant's life, or inflict upon him serious bodily injury.

**3.—Same—Manslaughter—Adequate Cause.**

Where the issue of the infliction of a wound by deceased upon appellant producing pain or bloodshed was raised by the evidence, the court should have charged pertinently upon that phase of the case.

Appeal from the District Court of Ellis. Tried before Hon. J. E. Dillard.

Appeal from a conviction of manslaughter; penalty, five years imprisonment in the penitentiary.

The following statement taken from appellant's brief is substantially correct:

Appellant was foreman of a county convict gang working on the public roads twenty miles south of Waxahachie; the gang consisted of several negroes and two or three white men. On September 6, 1901, at the camp during supper two of the negro convicts began to abuse each other, using very obscene language. Appellant reprimanded them and threatened chastisement. After the convicts had been chained in the tent (the chain of each being twelve or fifteen feet long), Allen Brown, a large stout negro, according to the testimony of the State's only two witnesses, Dave Wiedman and Will Ross (an ex-penitentiary convict), was sitting on his mattress and in an ordinary tone of voice remarked, "O, Lord, I have been mistreated this day," whereupon defendant got up off his cot and walked up with nine feet of Brown and said "God damn you, I will kill you this time," and at the same time raised his pistol with both hands and fired, killing Brown. This is the State's case, which is nothing short of murder even in the first degree. The defendant was the only eyewitness in his own behalf. He testified that after the convicts were chained Allen Brown renewed his abuse and obsene language as against the other convict; that he (appellant) then undertook to chastise him with a leather strap made for that purpose; that he took the strap in his right hand and held his pistol in the left hand; that he walked up to Brown and struck him one lick with the strap, when Brown arose, striking him (appellant) in the face with a rock or some hard substance causing both pain and bloodshed and tried to disarm appellant, and then kill him (appellant) with his own pistol as he thought; and to prevent this appellant

turned the pistol in his hand and fired. Appellant says that none of the language of Brown was directed to him. An order of the commissioners court authorized chastisement and the order is upon statutory authority.

*W. M. Knight* and *Templeton & Harding,* for appellant.—Under the charge the jury were required to believe nine distinct things conjunctively before they could apply the law of self-defense. For instance, if the jury did not believe that deceased "assaulted defendant with his hands," then the charge on self-defense would not apply. The special charge properly presented the law on self-defense. The logic of the jury's verdict is that there was some kind of contest between defendant and Brown, but that defendant should not have shot, hence it became more important to have a correct charge on self-defense.

If the court will examine the charge given by the trial judge on self-defense, we think it will readily be seen that it is incorrect. A charge on this subject should not be restricted but should be broad enough to cover the entire field. ·

Again it will be observed that the court restricted appellant to the right to reasonaby believe he was in danger, etc. In self-defense, we grant that the defendant must reasonably believe the existence of danger viewed from his standpoint, but it is quite different to say that if he had the "right" reasonably to believe, etc. The ordinary juror would understand by this that the facts must exist. To say the least of it, this part of the charge is misleading. Richardson v. State, 7 Texas Crim. App., 493. Why should the court pick out this particular circumstance, and that done enumerate them and then restrict defendant's right of self-defense to the bill of particulars thus selected? There are many things in the history of this case that have a bearing, and which can not be enumerated. A gesture, a look, a movement, a position and all such things become a part of the case. But under the charge of the court a narrow and tortuous way was mapped out and nine distinct things must exist before the defense of self-defense could apply. The special charge asked was broad enough to cover the entire case, and still specific enough to guard the rights of the State.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of manslaughter, and his punishment assessed at confinement in the penitentiary for a term of five years. This case was before us at the Tyler term, 1902, and was reversed for reasons set out in the opinion as found in 6 Texas Ct. Rep., 311. The facts are not materially different as reported in that case than those found in the record now before us. Error is assigned upon the charge of the court on the issue of self-defense: "The jury are further instructed  *  *  *  if they believe from the evidence that de-

fendant Sam Dodson shot Allen Brown, deceased, with a pistol and killed him, as alleged in the indictment; but further believe that at the time of doing so, if he did, that said Allen Brown was a county convict, and had been placed in the custody and under the control of defendant by the proper authorities of Ellis County to perform labor upon the public road, and that he was a man who was superior in strength to defendant; and if they further believe from the evidence that defendant attempted to chastise said Allen Brown with a strap of leather for violating a rule established by the Commissioners Court of said Ellis County for the government of county convicts; and if they should further believe from the evidence that he, the said Allen Brown, assaulted defendant with his hands and attempted to take his pistol away from him, and struck defendant with his fist, or with a rock, or some other hard substance; and if the jury further believe and find from the evidence that defendant believed, and had the right reasonably to believe, viewed from defendant's standpoint at the time, and viewed in the light of all the surrounding circumstances, that deceased was then about to take his life, or inflict upon him some serious bodily injury, and so believing, if he did, he shot deceased with a pistol, and killed him, then it would be the duty of the jury to acquit defendant upon the ground of self-defense." An exception was reserved to this charge; and a special charge requested, which was refused, as follows: "If you believe from the evidence that defendant, in the reasonable exercise of his right to inflict chastisement, undertook to chastise Allen Brown with a strap, and that while in the act of doing so, Allen Brown grabbed defendant and assaulted him, and you further believe from the evidence that by reason of the acts, strength and conduct of Allen Brown, if any, defendant was put in danger of loss of life or serious bodily harm; or if you believe that it so appeared to defendant at the time, viewed from defendant's standpoint, under all the surrounding circumstances, and that so believing he shot and killed Allen Brown, then you will find the defendant not guilty; if you have a reasonable doubt upon this question you will give the defendant the benefit of it and acquit him." Among other criticisms of this charge on self-defense is, that it coupled distinct matters and linked them together one upon the other; and required the jury to believe all of them in order to acquit; that should the jury disregard any one of these enumerated grounds, they would not be authorized under the court's charge to apply the law of self-defense. We believe this criticism is correct. The charge on self-defense should have been given substantially as requested by appellant, and it was not necessary under the circumstances that all these matters should be believed in order to justify an acquittal. The jury may have and doubtless did believe that before they could acquit, every one of the circumstances linked together by the court's charge should have taken place, and if they should not believe any one of the grounds specified they could not acquit.

The charge is further criticised, and we believe correctly, because the court stated the ground of reasonable belief entirely too strong

against accused, in informing the jury that in order to acquit defendant, they must not only believe from the evidence that defendant believed deceased was about to take his life or inflict upon him some serious bodily injury, but that defendant "had the right to reasonably believe" that he was about to take his life or inflict upon him serious bodily injury. If the facts or circumstances were such that if it reasonably appeared to·defendant that he was about to lose his life or have serious injury inflicted upon him he had a right to act in self-defense. Upon another trial this phase of the law should be given as heretofore indicated by the decisions. It may be that the jurors understood from this manner of putting the reasonable appearances of danger that they were required to find that the facts did in fact exist. This charge is misleading to say ·the least of it; and this phase of the law should be given as we have always understood the law of reasonable appearances of danger. Richardson v. State, 7 Texas Crim. App., 493.

The charge of the court on manslaughter is also criticised; that is, the action of the court is complained of with reference to ·the omission of the charge as to the infliction of a wound by deceased upon appellant producing pain or bloodshed. The court's charge was°general upon the question of manslaughter, and authorized the jury to take into consideration all the facts and circumstances. If the jury had only given two years, or the minimum punishment, the failure to give this phase of the law would have made no difference. Upon another trial, however, it would be safer and better for the court to charge the jury directly and pertinently with reference to pain or bloodshed that may have been caused · by striking defendant with a rock. From the defendant's standpoint, perhaps this was the crucial fact bearing upon manslaughter. The statute specifies a wound of this sort as adequate cause.

Because of the error of the court in his charge upon self-defense, the judgment is reversed and the cause remanded.

*Reversed and remanded.*