### GEORGE McMILLAN v. THE STATE.

No. 2848.     Decided April 1, 1914.

**1.—Murder—Manslaughter—Self-defense—Charge of Court.**

Where, upon trial of murder and a conviction of manslaughter, the court's charge on self-defense required the jury to believe certain unimportant and unnecessary things in evidence before they could acquit, and defendant made a timely objection thereto, the same was reversible error.

**2.—Same—Corpus Delicti.**

Where, upon trial of murder and a conviction of manslaughter, the evidence was probably sufficient to establish the corpus delicti, yet, in view of a new trial, the same should be established by stronger evidence.

Appeal from the District Court of Haskell.   Tried below before the Hon. Jno. B. Thomas.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. F. Cunningham* and *James Stevens,* for appellant.—On question of court's charge on self-defense: Willis v. State, 75 S. W. Rep., 790; Dodson v. State, 78 S. W. Rep., 940; Graves v. State, 124 S. W. Rep., 676; Hightower v. State, 56 Texas Crim. Rep., 252.

*C. E. Lane,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—From a conviction for manslaughter this appeal is prosecuted.   This is the third appeal in this case. The first is reported in 58 Texas Crim. Rep., 525 (126 S. W. Rep., 875);

and the second in 65 Texas Crim. Rep., 319, 143 S. W. Rep., 1174. From the opinions in these former appeals the case and issues can well be understood.

Self-defense was duly raised in appellant's favor and submitted. But the court, in submitting it, gave this charge:

"Upon the law of self-defense you are further.instructed by the court, that if you find from the evidence that. on the afternoon of May 4, 1908, the defendant was reading a newspaper in the Knox Hotel at Knox City, Texas, and that the deceased, West, made a remark which the defendant thought was addressed to him, and that he' arose and went toward deceased to learn what was said and that the deceased looked sharply at the defendant, and the defendant stopped and deceased commenced to whistle directly at defendant, and defendant mocked deceased and slapped himself upon the leg and was looking upward, and while so doing the deceased struck the defendant the first lick with a poker over the head, thereby causing pain and bloodshed, and such an assault on the part of the deceased brought on a combat between himself and defendant, in which the deceased used a poker, and the defendant used his fists until defendant was wounded and blinded by the flow of blood into his face from his wounds, and dazed and sickened by the blows inflicted upon him and in such condition was thrust back and away from deceased and while in such dazed and blinded condition, it appeared to defendant viewed from his standpoint in the light of all the facts and circumstances in evidence that he was in danger of death or serious bodily injury, at the hands of deceased, and thereupon took his knife and therewith defended himself from an attack or threatened attack, upon him by deceased, and thereby cut the deceased, and continued to cut and strike deceased until he found or believed himself out of danger, then you will acquit the defendant and say by your verdict, not guilty." Appellant duly excepted to this charge, claiming that by it before they could acquit appellant on that ground the jury were required to believe several unimportant, immaterial, and unnecessary things, which were disputed, and that in that respect it was more onerous upon him than the law required. A reading of it will show that before they could acquit appellant on the ground of self-defense the jury had to believe that the defendant was reading a newspaper in the Knox Hotel and that deceased made a remark which defendant thought was addressed to him and that he, defendant, arose and went towards the deceased to learn what was said and that deceased commenced to whistle at him and defendant mocked deceased and the deceased slapped himself upon the leg and was looking upward, etc.

Under the decisions of this court, this charge requiring the jury to believe all these unimportant and unnecessary things before they could acquit, when properly excepted to by appellant, presents reversible error. Dodson v. State, 45 Texas Crim. Rep., 571, 78 S. W. Rep., 940; Willis v. State, 75 S. W. Rep., 790; Graves v. State, 58 Texas Crim. Rep., 42, 124 S. W. Rep., 676, and other cases unnecessary to cite.

Where self-defense is properly raised an accused is entitled to have that submitted to the jury without being incumbered with such a mass of unimportant and unnecessary matter as this charge required the jury to believe before they could acquit. This charge seems to have been drawn, based on appellant's testimony as to these several matters. It probably would not have presented reversible error if he had not been disputed in some of them, but the record in this case shows that he was sharply and pointedly disputed in some of them; so that the court, requiring that they should believe, in effect, his testimony on these matters before they could acquit was necessarily harmful to him.

The only other question appellant presents in his brief is, he claims the evidence is insufficient to establish the corpus delicti,—that is, that no physician testified that the wounds inflicted by appellant upon deceased was the cause of his death. We do not understand the law to be that such testimony by a doctor is required. If under all the evidence the wounds inflicted by appellant were sufficient to cause death and death within a reasonable time thereafter occurred therefrom, the corpus delicti would be established. Without reciting it, we think the evidence was sufficient on this point to establish the corpus delicti. However, in order to avoid such contest in another trial, the State should, as the record indicates it can, make such proof as to show clearly the corpus delicti.

There are some other questions raised in the record but none of them present reversible error. It is unnecessary to discuss them. For the error of the charge of the court, the judgment is reversed and the cause remanded.

*Reversed and remanded.*