Joe Dooms v. The State.

No. 3615.     Decided June 16, 1915.

Soliciting and Procuring—Prostitutes—Accomplice.

Where upon trial of unlawfully soliciting, procuring, etc., a female, under article 498, Penal Code, the evidence showed that the chief State's witness

was an accomplice, the court's failure to instruct on accomplice testimony was reversible error. Following Denman v. State, recently decided.

Appeal from the County Court at Law of Harris. Tried below before the Hon. C. C. Wren.

Appeal from a conviction of unlawfully soliciting, etc., a female, for purposes of prostitution; penalty, a fine of two hundred dollars and six months in the county jail.

The opinion states the case.

*Guynes & Colgin,* for appellant.—On question of accomplice: Wandell v. State, 25 S. W. Rep., 27.

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted, in that he "did unlawfully invite, solicit, procure and allure Grace Johnson, a female, to visit and be at a room in the Mecca Hotel, in the City of Houston, for the purpose of meeting and having unlawful sexual intercourse with a male person," under article 498, Penal Code.

The testimony of Grace Johnson, upon which the State solely relied for a conviction, showed that she was a common prostitute, and frequented the hotels in Houston to ply her vocation. The hotels did not know her, nor know she thus worked their hotels. That she went to the Mecca with a man as her husband and so registered, and stayed one night with him. He left next morning. She remained. She then employed appellant, a bell boy and porter in the Mecca, "to make dates for her"—that is, seek and locate men in the hotel with whom she could have unlawful sexual intercourse. She paid him for this. What he did was to thus locate men who were willing to accept her "services" and then tell her the room they occupied and she would then go there and have such intercourse. Such men would be utter strangers to her. She, on this occasion, fulfilled one of her engagements thus made by appellant for her and at her special instance.

We think this made her an accomplice. The court refused to so charge the jury. In this the court erred, for which the judgment must be reversed. See Bill Denman v. State, this day decided in an opinion by Judge Harper, also a case by the same appellant in an opinion by Judge Davidson. Reversed and remanded.

*Reversed and remanded.*