ETHEL O'BRIEN v. THE STATE.

No. 4895. Decided February 13, 1918.

**1.—Keeping Disorderly House—Charge of Court—Accomplice.**

Where, upon trial of keeping a disorderly house, testimony of the prosecuting witness showed that she was an accomplice, the court should have submitted a charge on accomplice testimony. Following Denman v. State, 77 Texas Crim. Rep., 256, and other cases.

**2.—Same—Insufficiency of the Evidence—Lessee—Tenant.**

Where, upon trial of keeping a disorderly house, there was no evidence showing that the defendant was the lessee or tenant of the alleged house or what her relations thereto were, the same was insufficient to sustain a conviction.

Appeal from the County Court of Wichita. Tried below before the Hon. Harvey Harris.

Appeal from a conviction of keeping a disorderly house; penalty, a fine of two hundred dollars and twenty days confinement in the county jail.

The opinion states the case.

*T. F. Hunter,* for appellant.—On question of accomplice: Tracy v. State, 42 Texas Crim. Rep., 494, 61 S. W. Rep., 127; Stone v. State, 2 S. W. Rep., 585, and cases cited in opinion.

On question of insufficiency of the evidence: O'Brien v. State, 55 Texas Crim. Rep., 319, 116 S. W. Rep., 813; Mitchell v. State, 30 S. W. Rep., 810; Sara v. State, 3 S. W. Rep., 339.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of keeping a disorderly house. The State's case depends upon the evidence of the witness Maude Davis and the evidence showing the general reputation of the house. In substance, she stated she was at defendant's house and had been for two days and three nights when appellant was arrested; that she had an understanding with appellant when she went there that she was to stay and receive men for money and divide revenues, and at that time appellant had two other women and five men boarders. At the time she went to this house, she says, "I had an understanding with her (appellant) and she with me that I was to prostitute myself there in that house; that I was to receive men and to charge them for their relations, and was to divide the money with Mrs. O'Brien." She collected six dollars from three men while there, and on the third morning she had trouble with appellant, who asked her for half of the money she had received, and she refused to give it; that appellant had agreed to give her $2.50 a week for work she did around the house, and when appellant demanded this a fight started. She testified to other facts showing there were other men and women there,—three girls besides herself. Further details of her testimony are deemed unnecessary. All of her testimony was emphatically denied by such parties as she named and could be used on the trial.

A question suggested for reversal is that the court failed to charge on accomplice testimony, and refused to give special requested instructions submitting that question in the charge. Appellant complied strictly with the law in objecting to the court's charge, and in presenting his special requested instructions. We are of opinion the court was in error. Such charge ought to have been given. The facts called for it, and appellant brought herself strictly within the law with reference to presenting this question. Dooms v. State, 77 Texas Crim. Rep., 206; Denman v. State, 77 Texas Crim. Rep., 256; Williams v. State, 53 Texas Crim. Rep., 396; Tracy v. State, 42 Texas Crim. Rep., 494; Stone v. State, 22 Texas Crim. App., 185; Bush v. State, 68 Texas Crim. Rep., 299.

Appellant also suggests that the evidence is not sufficient, especially with reference to showing that appellant was only the lessee or tenant

of the house. With the exception in the most inferential way, the evidence is silent as to her relations to the house. There is evidence that she kept a boarding house and had boarders. Outside of this there is no testimony that shows she was the lessee or tenant. There was no evidence offered to show her relation to it outside of the facts stated. Her relations to that house should be shown. If she was the lessee or tenant the fact, it occurs to us, might be easily obtained.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*