WINNIE CLARK v. THE STATE.

No. 5649.   Decided February 4, 1920.

1.—Brawdyhouse—Definition.

A brawdyhouse is one kept for prostitution, or where prostitutes are permitted to resort or reside for the purpose of plying their vocation.

2.—Same—Accomplice—Charge of Court.

Where, upon trial of keeping a bawdyhouse, a State's witness testified that she used defendant's house for the purpose of plying her vocation as a common prostitute with the knowledge of the defendant and shared with her the money received therefor, and attended to the business of keeping the house for defendant during her absence, this made her not only an inmate of the house but an accomplice and it was reversible error not to so instruct the jury. Following: O'Brien v. State, 83 Texas Crim. Rep., 39, 201 S. W. Rep., 179. Distinguishing: Stone v. State, 47 Texas Crim. Rep., 575.

3.—Same—Requested Charge—Bill of Exceptions.

Where the bill of exceptions to the refusal to give defendant's requested charge was in separate paragraphs, each paragraph being in itself specific, and fully complying with the statute, the same was sufficient. Following: Bank v. Richards, 177 S. W. Rep., 531.

Appeal from the County Court of McLennan.   Tried below before the Hon. James P. Alexander, judge.

Appeal from a conviction of keeping a bawdyhouse; penalty, a fine of $200 and twenty days confinement in the county jail.

The opinion states the case.

*W. L. Eason,* for appellant.—Cited: Branch Criminal Law, Section 319, and cases cited in the oinion.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—On question of accomplice: Liegois v. State, 73 Texas Crim. Rep., 142, 164 S. W. Rep., 382.

MORROW, JUDGE.—The appellant was convicted of the offense of keeping a bawdyhouse. A bawdyhouse is one kept for prostitution, or where prostitutes are permitted to resort or reside for the purpose of plying their vocation. Penal Code, Art. 496.

One of the witnesses for the State, Alice Tiller, testified to facts showing that she was a common prostitute; that she used appellant's house for the purpose of plying her vocation, with the knowledge of appellant, and shared with her the money received therefor. This witness, according to her testimony, attendant to the business of keeping the house for appellant during her absence. The appellant sought on the trial by exceptions to the court's charge, and by requested charge, the refusal of which was excepted to, to have the law of accomplice testimony, as declared in Article 801, C. C. P., applied to the testimony of this witness. The law entitled the appellant to this instruction. O'Bren v. State, 83 Texas Crim. Rep., 39, 201 S. W. Rep., 179, and cases therein referred to. The evidence characterizes her as something more than a mere inmate of the house. She aided in keeping it. Her relation to it is distinguished from that of the witness referred to in the case of Stone v. State, 47 Texas Crim. Rep., 575, who was a mere inmate renting a room in the house. Some of the witnesses relied on by the State were men and women who frequented the house, or at least used it for the purpose of assignation. Their attitude would bring them we think, within the rule stated in Stone's case, and as to them the court committed no error in refusing to instruct the jury on the law of accomplice testimony.

The Assistant Attorney General concedes that if the question was properly raised the error is fatal to the conviction. We find in the record the various exceptions of the appellant to the court's charge certified as a bill of exceptions, showing the presentation and action upon them in due time. These exceptions are in separate paragraphs, each paragraph being in itself specific, and fully complying with the statute. We think the fact that they are all contained in one paper, the subdivisions being segregated and numbered, each sufficient in itself to advise the trial court and this court of the complaint directed at the charge and the refusal of the special charge, does not vitiate the exception nor warrant this court in ignoring it. See Bank v. Ricketts, 177 S. W. Rep., 531.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*