VERNON THOMPSON v. THE STATE.

No. 16158.   Delivered December 13, 1933.
Reported in 66 S. W. (2d) 328.

The opinion states the case.

*Mathis & Caldwell,* of Wichita Falls, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of pandering, and his punishment assessed at a fine of $200.00 and 60 days in jail.

The information charges that "Vernon Thompson, on or about the 10th day of March, A. D. 1933, and before filing of the complaint and the information in the County of Wichita and State of Texas, did then and there unlawfully solicit and procure Dorothy Grantham, a female person, to visit and be at a room in the Moro Hotel for the purpose of meeting and having unlawful sexual intercourse with a male person."

The state introduced but one witness, to-wit, Dorothy Gran-

tham, who testified in substance as follows: "On the 10th day of March, 1933, about 10 o'clock at night I went from the Studio Hotel to the Moro Hotel. I was at the Studio hotel filling a date and after having filled said date I called a taxicab driver who took me to the Moro Hotel. This taxicab driver told me I had a date at the Moro hotel. The defendant was not present when the taxicab driver told me so. The taxicab driver did not make the date for me at the Studio hotel. The porter at the John Saye rooming house came and told me he had a date for me at the Studio hotel. The first man who suggested to me to go to the Moro hotel and fill a date was the taxicab driver. The porter at the John Saye rooming house was making dates for me at this hotel and telling me about them and telling me where to go. Prior to the time I went to the Moro hotel that night I had never seen and had never talked to the defendant Vernon Thompson."

The defendant did not testify and offered no testimony. The information charges that the appellant did unlawfully solicit and procure Dorothy Grantham, a female person, to visit and be at a room in the Moro hotel for the purpose of meeting and having sexual intercourse with a male person, but the testimony offered by the state shows that said female went to the Moro hotel of her own volition and engaged a room there for the purpose of having sexual intercourse with men and that the appellant did not ask, urge, or induce her to come to said hotel. The state's testimony further shows that said female had never met the appellant before she went to the said Moro hotel and engaged a room and that she had never talked to him until he was ordered as porter at the hotel to show her to her room. The testimony adduced by the state does not meet and support the allegations in the information. The general rule is that the proof must correspond to the allegations in the indictment or the information, and therefore the court should have instructed the jury to return a verdict of not guilty.

We are also of the opinion that under the peculiar facts of this case the female, Dorothy Grantham, was an accomplice inasmuch as she paid the appellant fifty cents for every man who visited her room while at the Moro hotel. See Dooms v. State, 77 Texas Crim. Rep., 206. Article 70, Vernon's Ann. Penal Code of Texas, in defining who is an accomplice, among other things, uses the following language: "An accomplice is one * * * who promises any reward, favor or other inducement, or threatens any injury in order to procure the commission of the offense." If the female, Dorothy Grantham, paid the appellant fifty cents for every male person he brought to her room

with a view of having sexual intercourse, she was thereby rewarding the appellant to aid and assist her in the commission of an offense and for that reason she would clearly come within the definition of the statute as an accomplice.

The appellant also complains by several bills of exception of the vitriolic language employed by the county attorney in his closing argument to the jury. It is obvious that some of the argument as set forth in the bills of exception is prejudicial and harmful, but the same will no doubt not occur upon another trial.

By reason of the failure of the evidence to support the allegations in the information, the judgment of the trial court is reversed and the cause is remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.