CHESTER WHITE V. THE STATE.

No. 17035. Delivered November 21, 1934.
Rehearing Denied January 2, 1935.
Reported in 77 S. W. (2d) 226.

The opinion states the case.

*W. H. McDonald,* of Eastland, and *Allen S. Key,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for theft of an automobile from Kenneth Fall, punishment being assessed at two years in the penitentiary.

Fall's car, a two-door Ford sedan, was taken from a parking lot in Eastland, Texas, on Sunday night. Three days later the car was turned over to Fall by the sheriff's department in Kaufman, Texas. Early on the morning appellant was arrested he appeared at a filling station in Kaufman County, driving the car which belonged to Fall, and traded an inner tube to the station man for three gallons of gasoline. No one was in the car with appellant. A few minutes after appellant drove away from the station an officer appeared inquiring about him; followed him, placed him under arrest and took possession of the car.

Appellant introduced evidence to the effect that on the Sunday night the car was stolen at about nine o'clock a woman drove up in a car and asked appellant to get in with her, which he did, and the woman drove away. Other witnesses testified for appellant that on said night they saw appellant in a car which was being driven by a woman. None of them identified the woman or the car, except to say it was a two-door Ford sedan. Appellant did not testify. The evidence for him, if believed by the jury, raised an issue as to whether he was connected with the actual theft of the car, or became connected with it later. By the court's charge and the special charges given at appellant's request said question was submitted to the jury, whose finding was against appellant on the issue.

Four special charges were requested; two were given and two refused. No exception was reserved to the refusal of those not given, either by separate bills or by notation of the trial judge on the charges themselves.

The evidence is thought sufficient to support the verdict.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We have carefully gone over the evidence. It plainly shows the theft of a Model A 1929 Ford car. It was shown by testimony for the defense that appellant was seen in the car on the night it was taken, in Eastland County. He was seen in the car three days later in Kaufman County. He attempts no explanation of his possession of recently stolen property, save that he introduced two witnesses who said they

saw a woman in the car with him in Eastland County. This testimony seems ample to support the conviction, based upon the unexplained possession of recently stolen property.

No objection was interposed to the testimony offered as to the reasonable market value of the car. It was for the jury to decide, upon the testimony. The two defense witnesses fixed the reasonable market value,—one at $48.00 and the other at $45. Such testimony is not of a fixed fact, but is based upon the opinion of a witness, who ordinarily is required to show that he is qualified. A State witness testified that the reasonable market value of such car was $150. We are not able to say that the jury were not within their discretion when they accepted the State's testimony and found by their verdict that the stolen car was of the value of more than fifty dollars.

The motion for rehearing will be overruled.

*Overruled.*