## H. L. MARTIN V. THE STATE.

No. 18729.   Delivered February 3, 1937.
Rehearing Granted June 9, 1937.

The opinion states the case.

*John J. Pichinson* and *John E. Lyle, Jr.,* both of Corpus Christi, and *Henry R. Bishop,* of Fort Worth, for appellant.·

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft; the punishment, confinement in the penitentiary for five years.

Appellant filed a motion for a change of venue, upon which the court heard evidence. The testimony heard by the court warranted the conclusion that appellant could obtain a fair and impartial trial in Nueces County. Hence the motion was properly overruled.

The testimony on the part of the State to the effect that appellant and others stole $15,000 from Harry Raypole was uncontroverted.

The term of court at which appellant was convicted ended May 30, 1936. On the 26th of June, 1936, the trial judge entered an order allowing appellant 60 days after the 26th of June in which to file his bills of exception. The bills were filed August 26, 1936, which was 61 days after June 26th. Said bills having been filed too late, are not entitled to consideration.

Appellant has not favored us with a brief.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—On the 3rd day of February, 1937,

the judgment herein was affirmed upon the proposition that the bills of exception were filed too late and could not be considered. There was no discussion of the facts in the opinion, nor of any matter of procedure complained of. Appellant has filed a motion for rehearing, insisting that we should consider his bills of exception. We are compelled to adhere to our ruling as far as said bills of exceptions are concerned.

However, we note on pages eight and nine of the transcript that appellant, H. L. Martin, presented to the trial court a requested charge on the law of circumstantial evidence, which charge seems to us to be in substance and form a correct charge upon the subject. At the end of same and as part of the document appears the following, over the signature of the learned trial judge:

"The foregoing instruction requested by H. L. Martin, the defendant in this cause, to be given to the jury herein having been presented by the said H. L. Martin to the court, and the counsel for the State of Texas before the charge was read to the jury was by the court refused 5-28-36, to which refusal the defendant then and there in open court excepted. (Signed) Geo. C. Westervelt, District Judge, Presiding."

This special charge was filed May 28, 1936, as shown by the endorsement of the district clerk upon same.

We find in the record a statement of facts duly approved and filed within the time required by statute. We seem to have held in many cases that when a special charge, specifically presenting a correct matter of law applicable to the case on trial, is presented to the trial court before the main charge is read to the jury, and is refused, and its refusal and the fact of its presentation within time are endorsed upon the special charge by the trial court, as is also the fact that the accused excepts to the refusal of the court to give such special charge,—the Court of Criminal Appeals is not warranted in ignoring this, or in refusing to consider it in determining the merits of the complaint of the refusal of such special charge. See Clark v. State. 86 Texas Crim. Rep., 585; Castelberry v. State, 88 Texas Crim. Rep., 502; Barnett v. State, 119 Texas Crim. Rep., 594: Green v. State, 120 Texas Crim. Rep., 355; White v. State, 77 S. W. (2d) 226. We have examined the facts herein and to our minds there is no question but that it is a case of circumstantial evidence.

The facts in this case show that this appellant, acting with others, formed a plot and plan to obtain from Mr. Raypole, a citizen of Colorado, who was down on the Texas coast for his

health, a considerable sum of money,—the substance of their plan being to represent themselves or one of their number as having such relation to a racing commission, in another State than Texas, as would put him in possession of inside facts and enable him to place bets for himself or for friends so that there could be no question but that the bettors would win. After giving one or two misleading demonstrations of their ability to win bets, they succeeded in inducing Mr. Raypole to dispose of certain securities owned by him for the sum of $15,000.00, which they planned to put with money advanced by other members of the crowd or confederates of appellant, and put the whole pot up on a pretended bet and with assurances that there would be no danger but that they would win. A group of these men went with Raypole and his wife to the room of the latter where Raypole's money was put upon a table, and the scheme was set moving. Phillips, one of appellant's party, presently grabbed Raypole's money and rushed out, ostensibly for the purpose of putting it with other money on a race to be run. Phillips presently returned with the joyful information that they were all rich; that he had bet the money on a certain horse. Another member of the gang jumped on Phillips for betting the money on a horse to win, insisting that Phillips' instructions were to bet on a horse merely to get a place and not to win. While the argument was going on most of the gang melted away, and only one or two of them were left, and these took charge of Raypole and his wife for a day or two, and led them around until they finally dropped them. Appellant was going under an assumed name throughout the transaction.

It appears from the record that appellant himself did not take Raypole's money, or have it in his possession at any time, and that the conclusion that he and the others composing his gang were doing what they did in order to steal Raypole's money,—is but a deduction from all the facts in evidence, and it is clear that that being the case the learned trial judge should have instructed the jury on the law of circumstantial evidence. His failure to do so was excepted to, but the exceptions to the court's charge was not certified by the trial court. However, the presentation of the special charge above referred to, accompanied by notation of its refusal, and the exception of appellant to such act on the part of the trial court, sufficiently brings the matter up for review. We can not escape the conclusion that the trial court should have submitted the case on the law of circumstantial evidence, and should have

given the special charge requested. For such refusal the motion for rehearing is granted, the judgment of affirmance is set aside, and the judgment of the trial court is now reversed and the cause remanded.

*Reversed and remanded.*