## ROSE ROGERS v. THE STATE.

No. 19534. Delivered March 16, 1938.

The opinion states the case.

*Willis & Via,* of Pampa, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of unlawfully keeping and being concerned in keeping a bawdyhouse; her punishment was assessed at a fine of $200 and twenty days in the county jail.

Appellant's first contention is that the evidence is insufficient to warrant and sustain her conviction. The State's testimony, briefly stated, shows that appellant owned and operated a sandwich shop and wine parlor in the town of Sunray, Texas. Adjoining the sandwich shop and as a part of said building, there was a large room in which she had a victrola. Men and women came there to eat, drink and dance, and the three or four girls she had employed to wait on the trade, frequently danced with men who visited her place of business. Two of the girls testified for the State that at the time appellant employed them, she told them that they were to receive as compensation for their services a room, board, and ten cents out of every drink of wine sold, and whatever they could make on the side. That their income from drinks and tips amounted to about three dollars per day; that at the time of their employment, appellant also told them that she had a room in the northeast corner of the building in which there was a bed, table, etc., which they might use to entertain their friends. The girls further testified that at different times, they would sneak out the back way through the kitchen and take a man into the northeast room and engage in sexual intercourse with him; that these dates were usually made in the dance hall and the men would go out the back way and come around to the northeast corner

room. That at such times, appellant would be busy waiting on customers and they did not know whether she knew about it or not. That all appellant did was to suggest that they use the room to entertain their friends.

The constable of said precinct testified that the reputation of appellant's place of business was bad "in a way"; that he believed that the women who were employed there were prostitutes, but did not know what other people thought about it. He said that he had been to the place but never seen any act of illicit intercourse. On one occasion he said he saw a man and woman in bed together in the front room, but did not know whether it was Mr. Shook and his wife or not. The sheriff testified that he made about three trips a week to said place and knew the general reputation of appellant's place to be that of a house of prostitution, but that he, himself, had never seen anything out of the way except loud talking and drunkenness— no sexual intercourse.

This is the extent of the State's testimony. Appellant testified in her own behalf, denying that she knew that the girls employed by her were prostitutes or that they engaged in any illicit intercourse with men. A number of business men of the town testified that they visited appellant's place of business, but at no time had they observed anything which would indicate that men and women engaged in illicit intercourse at said place.

We think that the testimony adduced by the State is insufficient to sustain appellant's conviction. Even if the testimony of the two girls employed by the appellant and who admitted engaging in illicit intercourse at said place should be accepted as true, there is no testimony that appellant had any knowledge thereof. But if, from the testimony, the inference might be drawn that at the time of their employment by appellant it was tacitly but not expressly understood that they might engage in such conduct, still they would clearly be accomplices and their testimony would need corroboration. See O'Brien v. State, 83 Texas Crim. Rep. 39.

The judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.