# OCTOBER 28, 1942

### DORA BOTKIN V. THE STATE.

No. 22225. Delivered October 28, 1942.

The opinion states the case.

*B. F. Patterson* and *Nicholas Doran,* both of San Antonio, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted upon a complaint and information for running a disorderly house and assessed a fine of $200.00 and twenty days in jail.

Two bills of exception in the case present a question as to the sufficiency of the evidence and, also, as to the allegations in the complaint and information. The charge does not fix the street and number of the house, nor a description of the place where the business is alleged to have been conducted. Such allegation is not necessary. (Wilson's Crim. Forms, 4th Ed. No. 257, p. 142.) The question as to the sufficiency of the evidence was properly raised by a motion for an instructed verdict, as reflected by the bill.

The place of business, as described, was a sandwich stand and beer place in connection with which was space for dancing. An officer testified that some of the girls working there were common prostitutes. The record reveals further that they had no particular assignment, but seem to have been "hostesses." The contract which they had made with the appellant is not given in detail, but they were to make dates with men she would point out and were to go with them to nearby hotels and other places for a financial consideration, one-half of which was to be given by the girls to appellant. One girl testified to having made five such dates and the record clearly reflects that they were there for that business, engaged by and with appellant. Soldier boys testified to contacts with two of the girls and their dates for such purposes, but it appears that instead of keeping the engagement the two girls stole the boys' money and escaped from rooms in a tourist cottage to which they had gone. The boys called officers and this led to the arrest of appellant.

The fault with the foregoing evidence is that no one except an accomplice testified to any knowledge upon the part of appellant of all material parts of it. When an officer told her that the girls in her place were common prostitutes she told them to get out of her place. There is no evidence that they ever returned or that she had anything to do with them thereafter. The two soldiers say that after they made their arrangements with the girls, one of them had a conversation with appellant, but he does not know what was said. We find no circumstance revealed by the evidence which would, in any way, corroborate the testimony of the State's witness that she was there with the knowledge and consent and in accordance with arrangements made with appellant. She is a party to the crime. That it is necessary to corroborate an accomplice witness in all of the material facts necessary to connect the

appellant with the crime has frequently been held by this court. Parrish v. State, 135 S. W. (2d) 491. As applied to the particular kind of case before us, the following seem to be definitely in point: Stone v. State, 22 Texas App. 185; O'Brien v. State, 201 S. W. 179, and Rogers v. State, 114 S. W. (2d) 883.

The Rogers case deals with a very similar situation to that before us and is one of the last expressions of this court on the subject.

We think that in the event the testimony of the accomplice witness had been sufficiently corroborated, the further complaint that there is a variance between the allegation and the proof would be untenable. Ex parte Yoshida, 156 S. W. 1166; Art. 511, Vernon's Ann. P. C.

The judgment of the trial court is reversed.