**Robert Lee HOLLADAY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–82–00753–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 13, 1984.

Donald W. Rogers, Jr., Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Rory C. Flynn, J. Gordon Dees, Harris County Asst. Dist. Attys., Houston, for appellee.

Before WARREN, COHEN and LEVY, JJ.

## OPINION

LEVY, Justice.

Appellant was convicted of capital murder for the death of Paul Joehlin in the course of robbing him, and the jury assessed punishment at confinement for life.

Appellant does not challenge the sufficiency of the evidence, which showed that the robbery of Joehlin was committed by appellant and his accomplices, Beverly Glock, Michael Keane, and Michael Kaiser. Glock, a neighbor of Joehlin, often cleaned Joehlin's apartment and contrived to do that act as part of the robbery scheme. Approximately twenty minutes later, the other accomplices pretended to be looking for her, and once inside his apartment, Michael Keane knocked Joehlin to the ground while the others robbed him.

Michael Keane and the appellant then caused the gruesome death of Joehlin by hitting him with a bottle, repeatedly stabbing him with a knife, and puncturing him with a meat fork. All of the accomplices were charged with capital murder. Kaiser became a State's witness against the appellant in exchange for a guilty plea on aggravated robbery.

Appellant brings only one ground of error, alleging that the trial court erroneously overruled his objection to the court's charge at the guilt phase of the trial. He asserted that the court inadequately instructed the jury on the law of accomplice testimony in capital murder cases.

■ Kaiser, having admitted to being one of the parties primarily responsible for the death of Joehlin during the robbery, was an accomplice witness as a matter of law. *Kerns v. State,* 550 S.W.2d 91, 94 (Tex.Crim.App.1977); *Hendricks v. State,* 508 S.W.2d 633, 634 (Tex.Crim.App.1974).

Tex.Code Crim.P.Ann. art. 38.14 (Vernon 1966) provides that:

A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense.

The court instructed the jury on the law with respect to Kaiser's accomplice testimony as follows:

The witness, MICHAEL VINCENT KAISER, is an accomplice, if an offense was committed, and you cannot convict the Defendant upon his testimony unless you first believe that his testimony is true and shows that the Defendant is guilty as charged, and then you cannot convict the Defendant upon said testimony unless you further believe that there is other testimony in the case, outside of the evidence of the said MICHAEL VINCENT KAISER, tending to connect the Defendant with the offense committed, if you find that an offense was committed, and the corroboration is not sufficient if it merely shows the commission of the offense, but it must tend to connect the Defendant with its commission, and then from all of the evidence you must believe beyond a reasonable doubt that the Defendant is guilty of the offense charged against him.

An accomplice, as the term is here used, means any person connected with the crime charged.

■ Appellant correctly argues that the instruction must address the corroboration requirement of the accomplice witness and relate it to the aggravating elements that elevate murder to capital murder. *County v. State,* 668 S.W.2d 708 (Tex.Crim.App. 1984); *Fortenberry v. State,* 579 S.W.2d 482, 485–86 (Tex.Crim.App.1979).

In *Fortenberry,* the Court of Criminal Appeals held that in capital murder cases, upon the defendant's request, the jury must be instructed that the accomplice witness's testimony *must* be corroborated as to the specific elements that make the offense a capital crime. Whether the court's holding would apply to *every* offense in which there is an aggravating element is a problem we are not required to resolve at this time, except to observe that art. 38.14 of the Code of Criminal Procedure appears to require only that there be "other evidence" that tends to connect the defendant with the offense.

■ The instant charge does not direct the jury's attention to the requirements of the law that Kaiser's accomplice testimony be corroborated as to the particular robbery which elevated the murder to capital murder, and thus does not comply with the holdings in *Fortenberry* and *County, supra.*

■ The State complains that this objection was waived because it was too general and not distinctly specified. Tex.Code Crim.P.Ann. art. 36.14 (Vernon 1965). The appellant counters that he made a timely and specific objection, which was overruled by the court. We agree. Defense counsel made numerous objections to that specific portion of the charge concerning accomplice testimony, and the record reflects a timely and specific objection, among others not quite as specific, as follows:

For example, after putting intending, after the words Michael Vincent Kaiser in the charge, where it says, "tending to connect the defendant with the offense committed," I think it has to say that tending to connect the defendant with, first, that a robbery was, in fact, committed or attempted to be committed, and secondly, that a murder of one Paul Joehlin was committed or along those lines.

The sole ground of error is sustained.

For failure of the court to instruct the jury adequately on the requirement that an accomplice witness must be corroborated as to the very basis of the aggravated offense charged, the judgment of the trial court is reversed and the cause remanded.