**Robert Lee HOLLADAY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 058–85.**

Court of Criminal Appeals of Texas, En Banc.

May 7, 1986.

Donald W. Rogers, Jr. (court appointed on appeal only), Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and Rory C. Flynn, Gordon Dees and Winston E. Cochran, Jr., Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

TEAGUE, Judge.

Robert Lee Holladay, hereinafter referred to as the appellant, was charged by indictment and convicted by the jury of committing the offense of murder while in the course of committing the offense of robbery, which is the offense of capital murder. See V.T.C.A., Penal Code, Section 19.03(a)(2).

Because the jury answered in the negative the question whether there was a probability that the appellant would commit criminal acts of violence that would constitute a continuing threat to society, the trial judge assessed the appellant's punishment at life imprisonment. See Art. 37.071(b)(2), V.A.C.C.P.

On direct appeal, the appellant did not challenge the sufficiency of the evidence. It is therefore sufficient for our purposes to only state that the facts of this cause reflect that Paul Joehlin met his untimely death when his neighbors, the appellant, Beverly Glock, Michael Keane, and Michael Kaiser, while in the course of robbing him, stabbed him many times in the chest, throat and lungs with a knife and a two-pronged meat fork.

The Houston First Court of Appeals, relying upon this Court's decisions of *County*

*v. State,* 668 S.W.2d 708 (Tex.Cr.App.1984), and *Fortenberry v. State,* 579 S.W.2d 482 (Tex.Cr.App.1979), as authority, sustained the appellant's sole ground of error, that "The trial court erroneously overruled Appellant's objection to the Court's charge at the guilt phase of the trial which pointed out that the Court inadequately instructed the jury on the law with regard to accomplice testimony in capital murder cases," and reversed the trial court's judgment and sentence. See *Holladay v. State,* 682 S.W.2d 434 (Tex.App.—Houston [1st] 1985).

This Court held in both *County* and *Fortenberry, supra,* that if a conviction for the offense of capital murder may be based upon testimony of an accomplice witness, and the defendant requests an instruction that the witness' testimony must be corroborated as to the specific elements that make the crime of murder capital murder, the trial judge is required to give the instruction. In this instance, the record clearly reflects that the appellant's trial counsel timely and properly objected to the trial judge's refusal to include the above instruction in the charge to the jury.

We granted the State's petition for discretionary review in order to make the determination whether the *County* and *Fortenberry, supra,* line of cases is still viable. We find that it is not, will expressly overrule those cases to the extent of any conflict with this opinion, and will reverse the judgment of the court of appeals and affirm the judgment of the trial court.

The legal terms "accomplice" and "accomplice witness" are not specifically defined in the present Penal Code, which abolished all traditional distinctions between accomplices and principals. See V.T.C.A., Penal Code, Section 7.01(c). Today, the term "accomplice" includes all *participes criminis,* but those persons are now simply called "parties" to the offense. In light of the changes that the Legislature made in this part of the law when it enacted the present Penal Code, the term "accomplice witness" should be given a broad meaning. *Easter v. State,* 536 S.W.2d 223, 227, n. 4 (Tex.Cr.App.1976). Also see *Wil-*

*liams v. State,* 53 Tex.Cr.R. 396, 399, 110 S.W. 63, 64 (Tex.Cr.App.1908); *Singletary v. State,* 509 S.W.2d 572 (Tex.Cr.App.App. 1974); *Wade v. State,* 367 S.W.2d 337 (Tex. Cr.App.1963); *Orr v. State,* 124 Tex.Cr.R. 252, 61 S.W.2d 490 (Tex.Cr.App.1933); *Williams v. State,* 53 Tex.Cr.R. 396, 110 S.W. 63 (1908); McQuarrie, "CRIMINAL PROCEDURE—Evidence—Accomplice Testimony—Testimony of Accessory After the Fact Need Not Be Corroborated," Case Note: 8 *St. Mary's Law Journal 381* (1976/1977).

In this instance, without objection, the trial judge defined the legal term "accomplice" as follows: "An accomplice, as that term is here used, means any person connected with the crime charged." We find that this definition comports with the usual and ordinary meaning that is given that term, which is "one who knowingly, voluntarily and with common intent unites with the principal offender in the commission of the crime." *Black's Law Dictionary* 16 (1979 edition). By the very definition of the word "accomplice", such a person who testifies for the prosecution is infamous and his testimony is considered so untrustworthy a conviction should not be based solely upon that testimony. Because such a witness is usually deemed to be corrupt, his testimony is always looked upon with suspicion. See *Eckert v. State,* 623 S.W.2d 359 (Tex.Cr.App.1981); *Hoyle v. State,* 4 Tex.App. 239 (1878); *Greenleaf on Evidence* (16th edition 1899); *Greenleaf on Evidence* (1858 edition); *Phillips' Treatise on Evidence* (1849 edition); VII *Wigmore on Evidence,* Section 2056 (1978 edition).

Our Legislature, in enacting the provisions of Art. 38.14, V.A.C.C.P., which embody that statute's precursors of 1856, 1879, 1895, 1911, and 1925, requires that before a conviction may rest upon an accomplice witness' testimony, that testimony must be corroborated by independent evidence tending to connect the accused with

the crime. Thus, the Legislature has made the above beliefs law.

Kaiser testified for the State in this cause. Because Kaiser had been charged with committing the same offense as the appellant, as well as admitting being one of the parties primarily responsible for Joehlin's death that occurred during the commission of a robbery, he was an accomplice witness as a matter of law. See *Harris v. State,* 645 S.W.2d 447 (Tex.Cr.App.1983); *Kerns v. State,* 550 S.W.2d 91 (Tex.Cr.App. 1977); *Hendricks v. State,* 508 S.W.2d 633 (Tex.Cr.App.1974). Also see the cases collated under *West* criminal law key number 507(1).

The question that we must decide is just how detailed an instruction in a capital murder case, where the State relies upon the testimony of an accomplice witness to establish its case against the accused, must be given the jury in order to satisfy the provisions of Art. 38.14, supra, which provides:

A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and corroboration is not sufficient if it merely shows the commission of the offense.

The State argues that "Nowhere in Texas Code Crim.Pro. art. 38.14 (Vernon 1965) is it required that a particular element or group of elements be corroborated before a defendant may be convicted [of capital murder] on the basis of accomplice testimony. All that is required [under Art. 38.14] is that there be other evidence which tends to connect the defendant with the offense.[1] Taken to the extreme, the Court's analysis would apply to an offense in which there is an aggravating element. There is no legislative justification for this approach." As previously noted, there is no definition in

---

**1.** In *Thompson v. State,* 691 S.W.2d 627 (Tex.Cr. App.1984), this Court stated "[t]he 'accomplice witness rule' in Art. 38.14, supra, is a legislative creation not required by the common law, *Bailey v. State,* [100 Tex.Cr.R. 110] 271 S.W. 627 (1925), or as a matter of federal constitutional

law. See, e.g., *Caminetti v. United States,* 242 U.S. 470, 37 S.Ct. 192, 61 L.Ed.2d 442 (1917); *United States v. DeLarosa,* 450 F.2d 1057, (3rd Cir.1971), cert. denied 405 U.S. 927, 92 S.Ct. 978, 30 L.Ed.2d 800 (1972)." (Our footnote.)

the Penal Code for the term "accomplice", nor is there one in the Code of Criminal Procedure. We agree in principle with the State's arguments.

The record reflects that prior to the time that the trial judge read the charge to the jury, each juror was given a copy of the charge so that he could not only hear the judge read the charge but could also visually see what the judge was reading, which procedure we find is to be highly commended to the members of our trial judiciary.

The trial judge instructed the jury that Kaiser was an accomplice if an offense was committed.

She then instructed the jury that "[it could not] convict the Defendant upon [Kaiser's] testimony unless [it] first believe[d] that his testimony is true and shows that the Defendant is guilty as charged, and then [it could not] convict the Defendant upon said testimony unless [it] further believe[d] that there [was] other testimony in the case, outside of the evidence of [Kaiser] tending to connect the Defendant with the offense committed, if [it found] that an offense was committed, and the corroboration [would not be] sufficient if it merely show[ed] the commission of the offense, but it must tend to connect the Defendant with its commission, and then from all of the evidence [the jury had to] believe beyond a reasonable doubt that the Defendant [was] guilty of the offense charged against him." We find that this charge is patterned after the one found in McClung, *Jury Charges for Texas Criminal Practice*, pp. 225–226 (Rev.ed.1985).

The jury was also instructed on the offense of capital murder and was told that one of the ways that a person commits the offense of capital murder is if he commits the offense of murder under V.T.C.A., Penal Code, Section 19.02(a)(1), while in the course of committing or attempting to commit the offense of robbery. See V.T.C.A., Penal Code, Section 19.03(a)(2).

The jury was further instructed on the offense of murder and was told that murder occurs if an individual intentionally or knowingly causes the death of another individual. V.T.C.A., Penal Code, Section 19.-02(a)(1).

The jury was also instructed on the offenses of robbery and attempted robbery and given the definition of the term "bodily injury." They were told that the offense of robbery occurs if an individual, in the course of committing the offense of theft, and with intent to obtain or maintain control of the property, intentionally, knowingly, or recklessly causes bodily injury to another. V.T.C.A., Penal Code 29.02(a)(1). "Bodily injury" was defined to mean physical pain, illness or impairment of physical condition. V.T.C.A., Penal Code, Section 1.07(7). The jury was told that the offense of attempted robbery occurs when a person, acting with the specific intent to commit theft, does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended. V.T.C.A., Penal Code, Section 15.01(a).

In the application paragraph on capital murder, the jury was instructed that "if [it found] from the evidence beyond a reasonable doubt that in Harris County, Texas, Robert Lee Holladay, hereafter styled the Defendant, heretofore on or about December 31st, 1981, did then and there unlawfully while in the course of committing or attempting to commit the robbery of PAUL JOEHLIN, hereafter styled the Complainant, intentionally cause the death of the Complainant by stabbing the Complainant with a knife, hitting the Complainant with a bottle, or puncturing the Complainant with a meat fork, then [the jury would] find the Defendant guilty of capital murder. If [the jury did] not so find beyond a reasonable doubt, or if [it had] a reasonable doubt thereof, [it would] acquit the Defendant of capital murder and consider whether he is guilty of the offense of murder."

We have carefully reviewed the jury arguments that were made in this cause by the respective attorneys and find that the attorneys spent little time in their arguments on the accomplice witness instructions that the trial judge had given the jury.

Many years ago, this Court's predecessor, the Court of Appeals, in *Hoyle v. State*, 4 Tex.App. 239 (1878), stated that "it would serve no good purpose, or tend to enlighten the jury, to tell them that the accomplice must be corroborated in his statements in any 'material matter.'" (245). A year later, that same Court, in *Hozier v. State*, 6 Tex.App. 501 (1879), remarked: "We do not think it was necessary for the court to have further instructed the jury as to what is meant by 'corroborating evidence.' The jury, it seems to us, needed no additional instruction as to the meaning of these words, for words of plainer import could not have been used." (503).

Although the provisions of Art. 38.14, supra, are clear that the statute limits the effect that may be given the testimony of an accomplice, it does not define the terms in which an instruction to the jury shall be framed, see *Slaughter v. State*, 86 Tex. Cr.R. 527, 218 S.W. 767, 770 (Tex.Cr.App. 1920), and our research reveals that in virtually all of the cases that have interpreted either the provisions of Art. 38.14, supra, or its precursors, the issue that this Court and its predecessor Court was confronted with was whether the independent evidence that was adduced was sufficient to corroborate the testimony of the accomplice and how much corroborating evidence was necessary. As previously pointed out, because the appellant does not challenge the sufficiency of the evidence to corroborate the testimony of Kaiser, the accomplice witness, we are not confronted in this cause with that issue.

In the past, when the provisions of Art. 38.14, supra, and its precursors, were implicated in a case, the charge to the jury was held sufficient if it: (1) defined the term accomplice; (2) gave the statutory inhibition against conviction on uncorroborated accomplice testimony; (3) stated that the corroboration must be as to some material matter tending to connect the accused with the commission of the offense; and (4) applied the law to the facts. See, for example, *Standfield v. State*, 84 Tex.Cr.R. 437, 208 S.W. 532, 538 (Tex.Cr.App.1919) (On rehearing). The requirement of materiality, however, has come and gone several times. Before the turn of the century, a jury charge need not have instructed that the corroboration relate to "some material matter." *Hozier v. State*, supra. However, by the 1940's, corroboration of "all material facts" was necessary. *Botkin v. State*, 144 Tex.Cr.R. 612, 165 S.W.2d 195 (Tex.Cr.App.1942).

The appellant objected to the instruction in the charge requiring corroboration of the accomplice witness Kaiser on the ground that it was inadequate to protect his rights to a fair trial because it failed to relate the statutory corroboration requirement to the elements of the offense that made the offense of murder capital murder, i.e., he wanted the charge to read not only that the testimony of Kaiser should be corroborated as to the offense of murder, but also that Kaiser's testimony going to the fact that the murder had occurred in the commission of a robbery also had to be corroborated.

We are unable to agree with the appellant that the above instruction was insufficient to protect his rights.

Art. 38.14, supra, clearly states that if any criminal conviction is dependent upon the testimony of an accomplice witness, such testimony must be corroborated by independent evidence that tends to connect the accused to the crime. The phrase "tending to connect" has the ordinary dictionary definition, "to serve, contribute or conduce in some degree or way ... to have a more or less direct bearing or effect," and, while not contemplating conjecture, "has a tendency to prove the averments in the indictment." *Boone v. State*, 90 Tex. Cr.R. 374, 235 S.W. 580 (Tex.Cr.App.1922). As previously noted, the jury need not be given a definition for the phrase "corroborating evidence." Under the statute, if the accomplice witness' testimony merely shows the commission of the offense, it is insufficient corroboration.

In this instance, although we find that the instruction to the jury on the accom-

plice witness Kaiser's testimony probably could have been stated more clearly and more detailed, we nevertheless find that it adequately instructed the jury that it could not convict the appellant of the offense of capital murder unless it found all of the following elements: (1) that the offense of capital murder, as defined in the court's charge, had been committed, (2) that the testimony of Kaiser was truthful, (3) that Kaiser's testimony showed that the appellant was guilty of the offense of capital murder, (4) that there was other evidence, outside of Kaiser's testimony, that tended to connect the appellant to the commission of the offense of capital murder, and (5) that before it could find the appellant guilty of the offense of capital murder it had to find beyond a reasonable doubt, from all of the evidence, including the testimony of the accomplice witness, that the appellant was in fact guilty of committing the offense of capital murder. We find that this instruction was more than adequate to satisfy the requirements of Art. 38.14, supra.

As previously observed, we are not called upon to judge the sufficiency of the corroboration of the accomplice witness Kaiser's testimony in this cause, although had we been given that duty we would have found the evidence sufficient, but, instead, we are called upon to judge whether the instruction on the accomplice witness Kaiser sufficiently protected the rights of the appellant as guaranteed under the law. We find that it did.

It is the duty of the trial judge to adequately instruct the jury on the applicable law. To require of an instruction more than was given in the case at bar might tend to please those who are admirers of verbosity, but that is not the task of a charge to the jury, which is to make sure that the jury is informed of what the law requires before a conviction can be inflicted on the presumptively innocent accused. We believe that in dealing with an instruction on an accomplice witness' testimony it would be dysfunctional to impose upon trial judges a responsibility to separately identify each and every distinguishing element of a given crime in the corroboration paragraphs of the charge to the jury.

In this instance, when the charge to the jury is read as a whole, the instruction on the accomplice witness Kaiser was more than adequate to protect the appellant's rights. The trial judge did not err in refusing to expressly require corroboration of the alleged robbery as well as the alleged murder in his instruction.

We acknowledge that our holding conflicts with this Court's decisions of *County* and *Fortenberry*, supra. To the extent of any conflict, those cases are expressly overruled.

As previously pointed out, in *County* and *Fortenberry*, supra, this Court held that if a conviction for the offense of capital murder is based upon testimony of an accomplice witness, and the accused requests, the trial judge is required to instruct the jury that the accomplice witness' testimony must be corroborated as to the specific elements that make the crime of murder capital murder. Because we now find that the foundation that supports *Fortenberry*, supra, is actually quicksand, to the extent of conflict, it is expressly overruled.

■ In Phillips' *Treatise on Evidence*, supra, the following is pointed out: "It is clearly unnecessary that the accomplice should be confirmed in every circumstance which he details in evidence; for there would be no occasion to use him at all as a witness if his narrative could be completely proved by other evidence free from all suspicion." It was also pointed out that a distinction lies between confirmation as to the circumstances of the offense and confirmation affecting the defendant's connection to the offense. Confirmation merely as to the circumstances of the offense is really no confirmation at all. Confirmation as to the defendant's connection to the offense, however, should be by independent evidence from which the jury may reasonably be satisfied, apart from the accomplice's testimony, the defendant's connection to the offense. In sum, before a conviction based upon an accomplice witness'

testimony may stand, the State's evidence must tend to connect the defendant with the offense committed. It must be as to a material matter and must tend directly and immediately, not merely remotely, to connect the defendant with the commission of the offense. Corroboration as to immaterial facts, having no tendency to connect the defendant with the commission of the offense, is not sufficient. The corroboration must be as to a criminative fact or facts. But it need not be corroborative of any particular statement made by the accomplice. The corroboration is not sufficient if it merely shows the commission of the offense by some person; it must go further, and tend to connect the accused with the commission of the offense. The accomplice witness' testimony need not be corroborated circumstantially and in detail, and if corroborated in material matters, it is unimportant that it was also corroborated in immaterial matters, as it is permissible to strengthen such testimony by proof of connected incidents tending to show its reasonableness and consistency. Also see Willson's, *Texas Criminal Statutes*, Sections 2454 and 2455 (1888 edition).

 In sum, where the State relies upon an accomplice witness' testimony to convict the accused for a particular offense, the accomplice witness' testimony must be both material and must be corroborated by independent evidence tending to connect the accused with that offense. As to whether the evidence adduced is sufficient to corroborate the testimony of the accomplice witness, such must, of course, be decided on an *ad hoc* basis.

*Fortenberry*, supra, is founded upon this Court's decisions that, in judging the sufficiency of the corroborating evidence in seduction cases and knowingly receiving stolen property cases, this Court placed a heavy burden upon the State. These statutes are no longer in our present Penal Code.

In interpreting the provisions of former Article 505 (1925 Penal Code), the seduction statute, which had three elements, namely, a promise to marry, carnal knowledge, and

the female had to be under the age of 25 years, when the State's case was based upon the testimony of an accomplice witness, this Court required that an accomplice witness' testimony had to be corroborated as to two of the elements, promise to marry and carnal knowledge of the female. *Slaughter v. State*, 86 Tex.Cr.R. 527, 218 S.W. 767 (Tex.Cr.App.1920); *Ice v. State*, 84 Tex.Cr.R. 509, 208 S.W. 343 (1919), but cf. *Nash v. State*, 61 Tex.Cr.R. 259, 134 S.W. 709 (Tex.Cr.App.1911). Our research has yet to reveal a decision by either this Court or this Court's predecessor in which reasons why the Courts adhered to this requirement are stated. Perhaps it lies in the fact that for many years a seduced female was an incompetent witness as a matter of law. See Art. 1550, Section 3, 1859 Code of Criminal Procedure. Also see *Cole v. State*, 40 Tex. 147 (1874). The reason may also lie in the fact that corroboration in seduction cases was governed by a special statute and not the general statute governing corroboration of an accomplice witness, thus requiring the courts to require more in the form of a charge on accomplice witness testimony, even though the statute did not specify which elements of the offense of seduction needed support outside of the accomplice witness' testimony.

This Court, also for reasons never explicated, required more than general corroboration when it came to the offense of knowingly receiving stolen property, see Art. 1430 (1925 Penal Code), and the State's conviction was based upon an accomplice witness' testimony. This Court held that a conviction for such offense could not be had upon the testimony of an accomplice unless the testimony was corroborated both as to the theft and as to the knowing receipt or concealment of the stolen property. See e.g., *Cagle v. State*, 505 S.W.2d 858 (Tex.Cr.App.1974), and *Johnson v. State*, 144 Tex.Cr.R. 496, 164 S.W.2d 702 (App.1942). Contrary to the offense of seduction, the knowingly receiving stolen property statute did not specially require corroboration. There is no longer such an

offense in Texas. See *McClain v. State*, 687 S.W.2d 350 (Tex.Cr.App.1985).

Just recently, a majority of this Court in *Richardson v. State*, 700 S.W.2d 591 (Tex. Cr.App.1985), held that V.T.C.A., Penal Code, Section 15.03(b), which proscribes the offense of solicitation, "is analogous to Art. 38.14, V.A.C.C.P., and should be read in conjunction with it." (594). Thus, notwithstanding the fact that under the solicitation statute we have a special provision governing corroboration of an accomplice witness, the present policy of this Court is that a corroboration provision within a penal statute does not require any greater instruction on corroboration than the general corroboration statute. Also see *Aston v. State*, 656 S.W.2d 453 (Tex.Cr.App.1983), another solicitation case, in which this Court held: "Whatever the continued viability of the Fortenberry line of cases, we decline to apply those cases to the instant case." (456).

The seduction and knowingly receiving stolen property decisions of this Court make it obvious to us that as a matter of policy, in judging whether the evidence was sufficient to corroborate the testimony of an accomplice witness, this Court required more of the State to sustain a conviction based upon accomplice witness testimony than mere corroborating testimony to the commission of the offense itself. But, is there a need in a capital murder case for an instruction more detailed than the one given in this cause?

We now return to *Fortenberry v. State*, supra, in which this Court held that where the offense was capital murder and the State's case was based upon accomplice witness' testimony, the trial judge had to instruct the jury that the accomplice witness' testimony had to be corroborated as to the specific element that made the crime of murder capital murder.

Although counsel for the defendant *Fortenberry*, supra, presented to this Court 90 grounds of error for review, in none of them did he challenge the sufficiency of the evidence to corroborate the testimony of an accomplice witness as to all of the elements of the offense of capital murder. The defendant was tried and convicted of the offense of capital murder, murder by knowingly killing a peace officer. The only evidence that the State had to establish that the appellant knew that the victim was a peace officer was the testimony of an accomplice witness. Of course, had this Court held that the evidence was insufficient on the element of knowing that the victim was a peace officer, this would have precluded the State from retrying the defendant for the offense of capital murder.

The Court, however, declined to address the sufficiency of the evidence issue, but, instead, addressed the question whether the instruction on the accomplice witness was inadequate because it failed to instruct the jury on the specific elements that made the offense of murder capital murder, i.e., knowledge on the part of the defendant that he knew the victim was a peace officer, which was never corroborated outside of the accomplice witness' testimony, and held that such an instruction was required. *County*, supra, merely reaffirmed *Fortenberry*, supra. Also see *McManus v. State*, 591 S.W.2d 505 (Tex.Cr.App.1979); *Duff-Smith v. State*, 685 S.W.2d 26 (Tex.Cr.App. 1985); *Granger v. State*, 683 S.W.2d 387 (Tex.Cr.App.1984); and *Izaguirre v. State*, 695 S.W.2d 224 (Tex.App.-Corpus Christi 1985).

Thus, the main flaw in the *Fortenberry*, supra, opinion lies in the fact that in not addressing the issue of sufficiency of the evidence, as to an element of the offense of capital murder, the Court chose to engraft onto the capital murder statute a requirement that the statute did not then nor now require.

■ In this instance, the jury was instructed that before it could find the appellant guilty of the offense of capital murder, it had to find (1) that the offense itself had been committed; (2) that the accomplice witness Kaiser's testimony was truthful; (3) that Kaiser's testimony itself showed that the appellant was guilty of the offense of capital murder; (4) that there was other evidence, outside of Kaiser's testimony,

that tended to connect the appellant to the commission of the offense of capital murder; and (5) from all of the evidence, including the accomplice witness' testimony, it believed that the appellant was guilty beyond a reasonable doubt of committing the offense of capital murder.

We find that this instruction was more than adequate to satisfy the requirements of the provisions of Art. 38.14, supra, and it was not necessary for the trial judge to give a more detailed instruction on the accomplice witness Kaiser's testimony. All cases in conflict with our holding are expressly overruled.

The judgment of the court of appeals is reversed and the judgment of the trial court affirmed.

MILLER, Judge, dissenting.

I dissent to the majority's disposition of the State's grounds of error. I would hold that the analysis underlying this Court's opinion in *Fortenberry v. State*, 579 S.W.2d 482 (Tex.Cr.App.1979) is worthy of affirmation. Specifically, I would hold that trial court erred by refusing to modify the charge to the jury as requested by appellant and that the error inuring to appellant because of the court's error was not harmless.

In order to set forth my analysis of the issues presented, a brief recitation of the facts, as presented by the Court of Appeals, is appropriate:

"[The evidence] showed that the robbery of [Paul] Joehlin was committed by appellant and his accomplices, Beverly Glock, Michael Keane, and Michael Kaiser. Glock, a neighbor of Joehlin, often cleaned Joehlin's apartment and contrived to do that act as part of the robbery scheme. Approximately twenty minutes later, the other accomplices pretended to be looking for her, and once inside his apartment, Michael Keane knocked Joehlin to the ground while the others robbed him.

"Michael Keane and the appellant then caused the gruesome death of Joehlin by hitting him with a bottle, repeatedly stabbing him with a knife, and puncturing him with a meat fork. All of the accomplices were charged with capital murder. Kaiser became a State's witness against the appellant in exchange for a guilty plea on aggravated robbery."

*Id.* at 435.

Michael Kaiser was an accomplice witness as a matter of law since he admitted to being one of the parties primarily responsible for the victim's death during the robbery. *Harris v. State*, 645 S.W.2d 447 (Tex.Cr.App.1983); *Kerns v. State*, 550 S.W.2d 91 (Tex.Cr.App.1977); *Hendricks v. State*, 508 S.W.2d 633 (Tex.Cr.App.1974).

The trial court gave the following jury instruction:

"The witness MICHAEL VINCENT KAISER, is an accomplice, if an offense was committed, and you cannot convict the Defendant upon his testimony unless you first believe that his testimony is true and shows that the Defendant is guilty as charged, and then you cannot convict the Defendant upon said testimony unless you further believe that there is other testimony in the case, outside of the evidence of the said MICHAEL VINCENT KAISER, tending to connect the Defendant with the offense committed, if you find that an offense was committed, and the corroboration is not sufficient if it merely shows the commission of the offense, but it must tend to connect the Defendant with its commission, and then from all of the evidence you must believe beyond a reasonable doubt that the Defendant is guilty of the offense charged against him.

An accomplice, as the term is here used, means any person connected with the crime charged."

The wording of this charge tracks the suggested charge, "Where the Witness is an Accomplice Witness as a Matter of Law," suggested charge presented in *Jury Charges for Texas Criminal Practice*, Rev.Ed.1985, P. McClung, p. 226. We will refer to such a charge as the "usual"

charge given pursuant to Art. 38.14, supra, when an accomplice witness is involved.

In *Fortenberry, supra,* the defendant was charged with capital murder under V.T.C.A. Pen.Code, § 19.03(a)(1).[1] An accomplice witness testified against the defendant, and the trial court gave the jury the usual instruction that it could not convict the defendant unless it found evidence other than that of the accomplice witness which tended to connect the defendant with the offense committed. The defendant objected to the accomplice witness instruction, pointing out that the charge did not direct the requirement of corroboration to the specific elements that rendered the offense a capital crime. The trial court overruled the objection.

In considering the defendant's contentions, we stated that although the usual charge given as required by Art. 38.14, supra, was in many cases sufficient, certain offenses required a more specific charge. For example, the offense of receiving and concealing stolen goods requires a charge indicating that the accomplice witness' testimony must be corroborated both as to the commission of the theft, and receipt of the goods by the accused with the knowledge that they were stolen. We added that the charge should state that the "very basis" of the offense charged must be corroborated, *id.* at 485, and concluded:

"In capital murder under Sec. 19.03(a)(1), the very heart of the offense is that the victim was a peace officer (or fireman) who was acting in the discharge of an official duty, and that the accused knew the victim was a peace officer (or fireman). Appellant specifically objected that the accomplice witness instruction failed to direct the jury to the requirements of the law that ... [the accomplice witness'] testimony must be corroborated as to the facts that make this a death penalty case. The trial court committed

reversible error when it overruled those objections."
*Id.* at 486.

In a later case, *County v. State,* 668 S.W.2d 708 (Tex.Cr.App.1984), this Court cited *Fortenberry, supra,* for the proposition that:

"... the jury must be instructed, upon the defendant's request, that the accomplice witness' testimony must be corroborated as to the specific elements that make the offense a capital crime. Failure to so instruct the jury constitutes reversible error." *County, supra* at 710.

In its brief, the State contends that the analysis underlying the decision in *Fortenberry, supra,* is flawed. First, there is no statutory requirement in Art. 38.14, V.A.C.C.P. that a particular element or group of elements be corroborated. Second, nothing should distinguish capital murder from any other offense with a central element, so as to require a different jury charge on accomplice witness testimony corroboration.

In order to examine the holding in *Fortenberry, supra,* a discussion of the law concerning corroboration of accomplice witness testimony in general is helpful. Article 38.14, V.A.C.C.P., provides:

A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense.

The testimony of an accomplice witness is considered unreliable, and should be carefully scrutinized "not only because of any interest he or she might have, but because her or his testimony is evidence from a corrupt source." *Paulus v. State,* 633 S.W.2d 827 (Tex.Cr.App.1982), and cases cited therein at 843. See also *Eckert v. State,* 623 S.W.2d 359 (Tex.Cr.App.1981); and *Almazan v. State,* 140 Tex.Cr.R. 432, 145 S.W.2d 576 (App.1940).

---

1. "A person commits an offense if he commits murder as defined under Section 19.02(a)(1) of this code and:

(1) the person murders a peace officer or fireman who is acting in the lawful discharge of an official duty and who the person knows is a peace officer or fireman;...."

As required by Art. 38.14, supra, accomplice witness testimony must be corroborated with evidence tending to connect the accused to the offense committed. The corroborative testimony need not directly link the defendant to the crime. In *Edwards v. State*, 427 S.W.2d 629 (Tex.Cr. App.1968), at 632, quoting from *Minor v. State*, 299 S.W.422 (Tex.Cr.App.1927), we stated:

> "The law forbidding a conviction upon the uncorroborated testimony of an accomplice does not demand that there be direct evidence pointing to the accused as the offender, but merely requires that there be 'other evidence tending to connect the defendant with [the] offense committed.'"

See also *Moron v. State*, 702 S.W.2d 624 (Tex.Cr.App.1985); *Richardson v. State*, 700 S.W.2d 591 (Tex.Cr.App.1985); *Castaneda v. State*, 682 S.W.2d 535 (Tex.Cr. App.1984), and cases cited therein at 537; *Brown v. State*, 672 S.W.2d 487 (Tex.Cr. App.1984); *Eckert*, supra. Also, the accomplice witness need not be corroborated in all of his testimony. *Id.*

Certainly, if an accomplice witness testifies at trial, then the defendant is entitled to have the jury instructed on the corroboration required. In many cases, a general jury charge on accomplice witness testimony, such as the charge given in the case at bar, will be sufficient to instruct the jury on how it must consider the evidence. Where some crimes are concerned, however, the usual charge is not sufficient.

When a defendant has been charged with receiving and concealing stolen property, the accomplice thief's testimony must be corroborated as to the theft and the receiving by the accused from the thief, with the knowledge that the property was stolen. This proposition comes from a long line of cases, ostensibly beginning with *Johnson v. State*, 42 Tex.Cr.R. 440, 60 S.W. 667

(App.1901). See also *Hanks v. State*, 55 Tex.Cr.R. 405, 117 S.W. 149 (App.1909); *Bloch v. State*, 81 Tex.Cr.R. 1, 193 S.W. 303 (App.1917); *Poon v. State*, 120 Tex. Cr.R. 522, 48 S.W.2d 307 (App.1932); *Colley v. State*, 140 Tex.Cr.R. 34, 143 S.W.2d 597 (App.1940); *Kosel v. State*, 140 Tex. Cr.R. 257, 144 S.W.2d 543 (App.1940); *Sanders v. State*, 144 Tex.Cr.R. 526, 164 S.W.2d 685 (App.1942); *Johnson v. State*, 144 Tex. Cr.R. 496, 164 S.W.2d 702 (App.1942); *Hall v. State*, 373 S.W.2d 252 (Tex.Cr.App.1974); *Warren v. State*, 514 S.W.2d 458 (Tex.Cr. App.1974).

In *Johnson*, 164 S.W.2d 702, supra, the rationale for this rule was stated:

> "[A general accomplice witness] charge is insufficient in a case of receiving and concealing stolen property, when the two essential elements of that offense, that is, the theft of the property and the receipt thereof by the accused, are shown by the testimony of the accomplice." [2]

The usual general jury charge on accomplice witness corroboration is also not appropriate for persons tried for criminal solicitation under V.T.C.A. Penal Code, § 15.- 03. In *Richardson*, supra, we stated:

> "Reading Penal Code, Sec. 15.03(b) in conjunction with Art. 38.14, the corroboration in criminal solicitation cases must link the defendant to the crime at two separate stages. According to the language of 15.03(b) the evidence must be 'corroborative of both the solicitation itself and the actor's intent that the other person act on the solicitation.'"

*Id.* at 594.

Caselaw arising under the old seduction statute, Penal Code Arts. 1447 and 1448, (1911), codified as V.T.C.A. Penal Code, Art. 505 (Vernon 1948) (repealed by Acts 1973, 63rd Leg., p. 991, ch. 399 § 3(a), eff. Jan. 1, 1974),[3] also created an exception to

---

**2.** It is important to note that Art. 38.14, supra, is a verbatim repetition of the statutory accomplice witness corroboration rule that has been in effect since 1856. See Art. 718, Vernon's Ann.C.C.P. 1925, and Art. 653, Code of Criminal Procedure, 1856.

**3.** This section of the 1911 Penal Code provided: "If any person, by promise to marry, shall seduce an unmarried female under the age of twenty-five years, and shall have carnal knowledge of such female, he shall be punished ...".

the rule that the general accomplice witness charge was sufficient. In those cases, the trial court was required to instruct the jury that the female witness had to be corroborated as to the promise of marriage *and* the illicit intercourse. *Slaughter v. State*, 86 Tex.Cr.R. 527, 218 S.W. 767 (App. 1920), and cases cited therein at 768.

The rationale for the requirement of a more specific jury charge was stated in *Slaughter*, supra, as follows:

"The law of seduction does not proceed upon the idea that the alleged seduced female is a particeps criminis, but regards her more in the light of a victim who has been overreached, seduced, and debauched by and through deceptive wiles and promises of the seducer and one who would not have surrendered her virtue but for such deception. This aids the legal presumption of chastity. But the fact remaining that she is no longer a chaste woman, and as being one who has fallen, without reference to the means used, she having consented, imputes to her that want of moral stamina which would prevent her from being governed by revenge or resorting to any means by which her social condition would or could be bettered. The law regards the danger in which any man might be placed, though entirely innocent, if the same weight and credit be given to the testimony of a woman of that kind as to one whose moral character had not been corrupted to such extent as to cause her to part with her virtue. Hence the law requires corroboration as a *protection against her wiles, interests, or revenge or other motive.*" [emphasis added]

*Id.* at 769 quoting from *Nash v. State*, 61 Tex.Cr.R. 259, 287, 134 S.W. 709, 723. The Court concluded that "There must be additional evidence probative of the offense, and therefore of those acts of the defendant constituting it, namely, the act of intercourse and inducing the intercourse by promise of marriage." *Id.* at 770. Absent

such a charge, reversible error arose. See also *Cerda v. State*, 147 Tex.Cr.R. 390, 181 S.W.2d 278 (Tex.Cr.App.1944) and *Brewer v. State*, 93 Tex.Cr.R. 213, 246 S.W. 663 (Tex.Cr.App.1923).

From the preceding cases, it is apparent that some offenses require an accomplice witness corroboration charge to include reference to the "basic elements" of the offense in order to comply with the "offense committed" language of Art. 38.14, supra. The basis for this rule involves the particular type of offense being tried.

In most offenses, the general accomplice witness rule is sufficient. In others, as previously demonstrated, the jury must be instructed that the testimony of the accomplice witness must be corroborated as to the "very heart of the offense," *Fortenberry*, supra, or "the two essential elements," *Johnson*, supra. The concept of this occasional exception to the general rule was tacitly approved by the Legislature when they decided that the offense of criminal solicitation also merited "dual" corroboration. *Richardson*, supra.

As times change, the list of crimes that demand corroboration for the *gravamen* of the offense may change. Such is the nature of the law. Just as the mores of the day in 1920 required special protection for the accused against a female witness'[4] "wiles, interests, or revenge or other motive," *Slaughter*, supra, I would find that the rationale in *Fortenberry*, as it applies to capital murder cases has not been affected by any change in mores in the six years since its rendition. The majority should hold that accomplice witness testimony must be corroborated, in a capital murder case, as to the element that elevates the potential punishment to death. This is so, not just because of any contemporary distrust of certain testimony (as seems to have been the case in the past with this Court and the Legislature), but also because of the caution this society rightfully continues to exercise when the State seeks

---

4. The antiquated mores of that time also dictated that a female witness in such a case be referred to as a "prosecutrix." See *Allen v.*

*State,* 700 S.W.2d 924 (Tex.Cr.App.1985), concurring opinion by Judge Miller.

to exact the ultimate punishment—a life for a life.

I would hold, therefore, that in the context of a capital murder crime, when the accomplice witness rule demands corroboration tending to connect the defendant with the offense committed, the term "offense committed" necessitates corroboration of the very element that elevates the crime to capital status, as well as corroboration for the underlying offense that would be demanded absent this elevating fact.

Thus, upon proper request, the trial court must instruct the jury that the accomplice witness testimony must be corroborated as to both the murder and the act raising the murder to capital offense status: reversible error will arise if the trial court fails to do so. Although not stated in the same manner, this proposition was the basic holding in *Fortenberry*, supra. I believe that there is no sound reason to depart from this interpretation, nor discontinue its application.

For clarity's sake, cases such as *Warren v. State*, 514 S.W.2d 458 (Tex.Cr.App.1974) and *Sheffield v. State*, 371 S.W.2d 49 (Tex. Cr.App.1963) which hold that the accomplice need not be corroborated as to every element of the offense should be mentioned. As previously discussed, the evidence corroborating the accomplice witness testimony need not directly link the accused with commission of the offense, or of itself be sufficient to establish guilt. Article 38.14, supra, merely requires that the corroboration evidence tend to connect the accused with commission of the offense. Were my views, here expressed, empraced by the majority, the majority would not be required to modify in any way the rules relating to sufficiency of corroboration.

In its brief, the State argues that:

"An attempt to identify 'the very basis' of a penal offense presupposes that some elements of an offense are more important than others, at least from a standpoint of sufficiency of evidence. That flies in the face of the most fundamental evidentiary rule of all: the State must prove each element of an offense beyond a reasonable doubt."

As previously stated, my views in no way affect the law concerning evidence sufficiency. See *Thompson v. State*, 691 S.W.2d 627 (Tex.Cr.App.1985). With regard to the State's burden, upholding the rule in *Fortenberry*, supra, would not affect the requirement that sufficient proof be introduced on every element of an offense. Moreover, Art. 38.14, supra, does not require, nor would we need to affix any requirement, that the accomplice be corroborated as to every element of the offense. I would, however, construe the term "offense committed" to refer to the material elements comprising the basis or gravamen of the offense *in a capital murder case*.

Having reaffirmed the holding and analysis in *Fortenberry*, supra, the majority should find that the Court of Appeals correctly held that the trial court erred by refusing to modify the charge as suggested by appellant. Moreover, this Court's decision in *Almanza v. State*, 686 S.W.2d 157 (Tex.Cr.App.1984) would require that we review the record to determine whether the trial court's refusal to grant the requested charge was "calculated to injure the rights of the defendant." *Id.* at 171. My review of the record reveals that the omission of the proper jury instruction on the rule of accomplice witness corroboration was not harmless. I would find that the Court of Appeals did not, therefore, err in reversing the conviction, and overrule the State's first ground for review.

In its second ground of review, the State contends that appellant's objection to the jury charge was not sufficiently specific to preserve the error for appeal. The State's brief includes the following testimony, which was offered at trial:

"DEFENSE COUNSEL: But further, also, the Defense has requested that the accomplice charge that exist [sic] does not apply the law to the facts in that it does not set forth the material elements of the offense and the mention that such material elements must be corroborated and that goes to each offense, of capital

murder, murder, aggravated robbery, robbery and aggravated assault. That's it.

. . . . .

"THE COURT: You want it tailored as a charge as the law of parties would be?

"DEFENSE COUNSEL: No. I just want the accomplice charge.

"THE COURT: Give me a requested charge.

"DEFENSE COUNSEL: I don't have one.

"THE COURT: If you give me something to look at I would understand perhaps what you request.

. . . . .

If you have a written charge that I can look at and understand more fully what you are requesting, I would be happy to do so.

Do you have any objection to the law on parties, on accomplices as the Court has it defined?

"DEFENSE COUNSEL: The only thing I have an objection to there is the fact that—let me reverse my objections. That might help.

That the accomplice charge as presently stated does not apply the law to the facts in that it does not specifically name the elements of the offense as applied within the law of accomplices and does not specifically mention that such elements must be corroborated.

"THE COURT: I still don't understand.

"DEFENSE COUNSEL: As the accomplice charge is presently stated, it does not apply the law to the facts in that it does not mention or specifically set forth the elements of the offense, i.e., capital murder, and then mention that such elements must, in fact, be corroborated.

"THE COURT: How would you want me to change or add onto the law on accomplices as I have already defined it?

"*DEFENSE COUNSEL: For example, after putting intending, after the words Michael Vincent Kaiser in the charge, where it says, 'tending to connect the defendant with the offense committed,'*

*I think it has to say that tending the defendant with, first, that a robbery was, in fact, committed or attempted to be committed, and secondly, that a murder of one Paul Joehlin was committed or along those lines. That's what I'm talking about.*

And then the requirement that such elements of the offense must be, in fact, be corroborated. That's my essential objection.

"THE COURT: Overruled, denied, whatever." [emphasis added]

This objection was sufficiently specific to apprise the trial court of the nature of appellant's objection. Error was therefore adequately preserved. The State's second ground of review should be overruled.

Since the majority fails to address the presented issues in this manner, I respectfully dissent.

CLINTON and CAMPBELL, JJ., join in this opinion.