No. 04-00-00522-CR



Dustin TUMA,


Appellant



v.



The STATE of Texas,


Appellee



From the County Court at Law, Guadalupe County, Texas


Trial Court No. CCL-99-1003


Honorable Fred Clark, Judge Presiding



Opinion by: Sarah B. Duncan, Justice


Sitting: Phil Hardberger, Chief Justice

 Paul W. Green, Justice

 Sarah B. Duncan, Justice


Delivered and Filed: January 9, 2002


AFFIRMED

 Following a jury trial, Dustin Tuma was convicted of and sentenced for possession of
marijuana. He appeals, contending the trial court erred in admitting into evidence his driver's license,
which had been altered to indicate he was twenty-one years of age, and in failing to properly instruct
the jury on the issue of accomplice as a matter of law. The State has not filed a brief. We disagree
with Tuma's arguments and affirm the trial court's judgment. 

Altered Driver's License


 In his first four points of error, Tuma contends the trial court reversibly erred in admitting into
evidence his driver's licence, which was altered to indicate he was twenty-one years of age. We
disagree. Even if it was error to admit the driver's license, Trooper Sanders testified that Tuma's age
on the license had been altered. Tuma has not complained of the admission of this testimony on
appeal. Under these circumstances, we hold the error in admitting the altered driver's license, if any,
was harmless. See Tex. R. App. P. 44.2 (b) ("Any other error defect, irregularity, or variance that
does not affect substantial rights must be disregarded."); see also Schutz v. State, No. 1933-99, 2001
WL 1623303, at *2 (Tex. Crim. App.-Dec. 19, 2001) (court must review entire record in evaluating
whether error affected substantial rights.).

Accomplice Witness Instruction


 In his final point of error, Tuma contends the trial court reversibly erred in failing to properly
instruct the jury on the issue of accomplice as a matter of law.

 What follows are the instructions requested by Tuma and given by the trial court:



Requested



 The witness, William Richard
Turner, II, is an accomplice, if an
offense was committed, and you
cannot convict the defendant
upon Mr. Turner's testimony
unless you first believe that his
testimony is true and shows that
the defendant is guilty as
charged, and then you cannot
convict the defendant upon said
testimony unless you further
believe that there is other
testimony in the case, outside of
the evidence of the said Mr.
Turner tending to connect the
defendant with the offense
committed, if you find that an
offense was committed, and the
corroboration is not sufficient if
it merely shows the commission
of the offense, but it must tend to
connect the defendant with its
commission, and then from all of
the evidence you must believe
beyond a reasonable doubt that
the defendant is guilty of the
offense charged against him.

Given



 The witness, William Richard
Turner, II, is an accomplice, if an
offense was committed, and you
cannot convict the defendant
upon Mr. Turner's testimony
unless you first believe that his
testimony is true and shows that
the defendant is guilty as
charged, and then you cannot
convict the defendant upon said
testimony unless you further
believe that there is other
testimony in the case, outside of
the evidence of the said Mr.
Turner tending to connect the
defendant with the offense
committed, if you find that an
offense was committed.


 " A conviction cannot be had upon the testimony of an accomplice unless corroborated by
other evidence tending to connect the defendant with the offense committed; and the corroboration
is not sufficient if it merely shows the commission of the offense." Tex. Code Crim. Proc. Ann. art.
38.14 (Vernon 1979). However, the Texas Court of Criminal Appeals has held an accomplice witness
instruction is sufficient if it instructs the jury that, "before it could find the appellant guilty of the
offense ..., it had to find (1) that the offense itself had been committed; (2) that the accomplice
witness['s] testimony was truthful; (3) that [the accomplice witness's] testimony itself showed that
the appellant was guilty of the offense ...; (4) that there was other evidence, outside of [the
accomplice witness's] testimony, that tended to connect the appellant to the commission of the
offense ...; and (5) from all of the evidence, including the accomplice witness' testimony, it believed
that the appellant was guilty beyond a reasonable doubt of committing the offense ...." Holladay v.
State, 709 S.W.2d 194, 201-02 (Tex. Crim. App. 1986). We believe this test is met by the trial
court's instruction in this case.


 The judgment is affirmed.


 Sarah B. Duncan, Justice

Do not publish