Hill 



 TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00436-CR






Carey Allen Hill, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF MCCULLOCH COUNTY, 198TH JUDICIAL DISTRICT


NO. 4231, HONORABLE EMIL KARL PROHL, JUDGE PRESIDING







 A jury found appellant Carey Allen Hill guilty of one count of possession of a
controlled substance (methamphetamine) under twenty-eight grams with intent to deliver. His
offense was enhanced with two prior convictions, and the jury assessed punishment at sixty-one
years' imprisonment. Hill now appeals his conviction, alleging insufficient evidence and
ineffective assistance of counsel. We will affirm the judgment of conviction.



BACKGROUND


 Accomplice witness Ronald Eugene Woodcock testified at trial that, on November
28, 1993, he and appellant traveled from Waco to McCulloch County, carrying with them
approximately 1 1/2 grams of methamphetamine in bulk form. Upon arriving at appellant's
mother's rural home, Woodcock repackaged the controlled substance into smaller packets. 

 The next morning the two men drove into the town of Brady, with appellant
carrying the drugs in his pocket. They eventually pulled up in front of Big John's Kitchen, a barbecue restaurant operated by John Earl Campbell. Campbell testified that a third individual
came inside and asked him whether he wanted to buy drugs. Campbell declined but walked
outside to speak with appellant and Woodcock. Their ensuing conversation included discussion
of where one might be able to deal in drugs. After the two men drove off, Campbell notified the
sheriff's office of the incident. 

 A short time later, police stopped the vehicle Campbell had described. One officer
testified that he observed two syringes in plain view and obtained from the driver, Woodcock, a
written consent to search the vehicle. Another officer testified that, in the process of checking
for weapons on the passenger side of the vehicle, he asked appellant what he had in his pockets. 
Appellant handed over his wallet, in which the deputy discovered twelve small plastic packages
containing a tan-colored powder.



DISCUSSION


Sufficiency of the Evidence

 In his first point of error, appellant challenges the sufficiency of the evidence
corroborating the testimony of the accomplice witness, Woodcock. Code of Criminal Procedure
article 38.14 governs the review of sufficiency of the evidence to corroborate an accomplice
witness's testimony. Tex. Code Crim. Proc. Ann. art. 38.14 (West 1979); see Clewis v. State,
No. 450-94, slip op. at 10, n.10, 11 (Tex. Crim. App. Jan. 31, 1996). Corroborative evidence
must tend to connect the accused with the offense, but "it need not be corroborative of any
particular statement made by the accomplice." Holladay v. State, 709 S.W.2d 194, 199-200 (Tex.
Crim. App. 1986). We therefore ask whether the record reflects sufficient evidence--apart from
Woodcock's testimony--tending to connect appellant to the offense of possession of a controlled
substance with intent to deliver.

 The Court of Criminal Appeals has articulated several factors for assessing the
sufficiency of the corroborating evidence:



All of the facts and circumstances in evidence may be looked to as furnishing the
corroboration necessary. The corroborative evidence may be circumstantial or
direct. The combined cumulative weight of the incriminating evidence furnished
by the non-accomplice witnesses which tends to connect the accused to the offense
supplies the test. It is not necessary that the corroboration directly link the accused
to the crime or be sufficient in itself to establish guilt.



Reed v. State, 744 S.W.2d 112, 126 (Tex. Crim. App. 1988). 

 The record contains ample evidence tending to connect appellant to the offense with
which he was charged. John Earl Campbell testified that a third person had indicated that
appellant and Woodcock were offering drugs for sale, and that subsequently he and appellant had
discussed where drugs might be sold. Later police found twelve individually wrapped packages
containing methamphetamine in appellant's wallet. This independent evidence at a minimum tends
to connect appellant to the offense of possession with intent to deliver and thus sufficiently
corroborates Woodcock's testimony. We therefore overrule appellant's first point of error.



Ineffective Assistance of Counsel

 In his next five points of error, appellant contends that he was denied effective
assistance of counsel because his trial counsel (1) failed to file any pretrial motions, in particular
a motion to suppress the evidence; (2) failed to raise proper and timely objections to hearsay
testimony; (3) failed to object to leading and repetitive questioning of the accomplice witness; (4)
elicited testimony from the accomplice witness that defendant had sold him drugs; and (5) elicited
testimony from the defendant himself regarding prior criminal convictions.

 The proper standard for reviewing claims of ineffective assistance of counsel is set
forth in Strickland v. Washington, 466 U.S. 668 (1984). See Jackson v. State, 877 S.W.2d 768,
770-771 (Tex. Crim. App. 1994); Hernandez v. State, 726 S.W.2d 53 (Tex. Crim. App. 1986)
(adopting the Strickland standard). First, the defendant must show that counsel's performance was
deficient to the extent that counsel failed to function as the counsel guaranteed by the Sixth
Amendment. Strickland, 466 U.S. at 687; Jackson, 877 S.W.2d at 771. Second, the defendant
must show that counsel's deficient performance prejudiced the defense. Strickland, 466 U.S. at
687; Jackson, 877 S.W.2d at 771. To demonstrate prejudice, the defendant must show that "there
is a reasonable probability that, but for counsel's unprofessional errors, the result of the
proceeding would have been different. A reasonable probability is a probability sufficient to
undermine confidence in the outcome." Strickland, 466 U.S. at 694; Jackson, 877 S.W.2d at
771; Wilkerson v. State, 726 S.W.2d 542, 550-51 (Tex. Crim App. 1986), cert. denied, 480 U.S.
940 (1987).

 The defendant bears the burden of proof on both prongs of the Strickland test. 
Jackson, 877 S.W.2d at 771. Furthermore, a reviewing court must indulge a strong presumption
that counsel's conduct falls within the wide range of reasonable professional assistance; that is,
"the defendant must overcome the presumption that, under the circumstances, the challenged
action `might be considered sound trial strategy.'" Strickland, 466 U.S. at 689; Jackson, 877
S.W.2d at 771. In other words, the record presented to the reviewing court must rebut the
presumption of reasonable professional assistance. Jackson, 877 S.W.2d at 771.

 In the instant case, the record is silent as to why appellant's trial counsel may have
performed in the manner alleged. A trial record alone is generally insufficient to address claims
of ineffective assistance of counsel because of the strong presumption that trial counsel acted
competently. Jackson, 877 S.W.2d at 772 (Baird, J., concurring). Here, appellant did not file
a motion for new trial; therefore, the record contains nothing on the issue of counsel's
effectiveness. In a direct-appeal challenge to counsel's effectiveness, a hearing on a motion for
new trial is the primary method for making a record of counsel's deficiencies. (1) 

 On this undeveloped record, appellant asks us to speculate as to why counsel did
not seek to have evidence suppressed or file other pretrial motions. There is no indication in the
record of irregularity or lack of probable cause in the stop and search by police of the vehicle in
which appellant was riding. Nor is there indication that counsel was ever surprised by evidence
presented at trial and could thus have benefitted from a pretrial motion for discovery. A
determination not to expend time and resources on presumably useless measures would appear to
have been reasonable. But counsel's true reasoning--or even possible failure to reason--can only
be guessed at, and mere conjecture does not overcome a strong presumption of reasonable
professional assistance.

 Similarly, counsel's actions--or lack thereof--at trial are not explained in the record. 
Again we are asked to speculate as to why counsel failed to raise proper and timely objections,
specifically in response to Campbell's hearsay testimony regarding his conversation with an
unidentified third party and to leading questions posed to accomplice witness Woodcock. 
Appellant would also have us guess why counsel elicited certain, possibly harmful, testimony from
the defendant and the accomplice witness. We are again bound by Strickland not to engage in
such speculation. We must presume that trial counsel, better positioned than an appellate court
to judge the pragmatism of a particular case, "made all significant decisions in the exercise of
reasonable professional judgment." Strickland, 466 U.S. at 690; Delrio v. State, 840 S.W.2d
443, 447 (Tex. Crim. App. 1992). (2) Again, the record in this case does not provide a sufficient
basis to overcome this presumption. 

 Because we conclude that appellant has failed to meet his burden of proving that
counsel's performance was ineffective, we overrule his points of error two through six.



CONCLUSION


 Having overruled all of appellant's points of error, we affirm the judgment of
conviction.


 

 Bea Ann Smith, Justice

Before Justices Powers, Jones and B. A. Smith

Affirmed

Filed: July 3, 1996

Do Not Publish
1. [1]  In his concurring opinion in Jackson, Judge Baird noted that, because of time constraints
in obtaining evidence, "[a]s a general rule, one should not raise an issue of ineffective assistance
of counsel on direct appeal." Jackson, 877 S.W.2d at 772 (Baird, J., concurring).
2. [2]  Such pragmatism might, for example, suggest not drawing attention to garbled testimony
with an objection; defusing the "bombshell" of prior convictions by having defendant admit to
them first; allowing or asking repetitive questions in an effort to trip up a witness; or attempting
to elicit one answer at the risk of receiving another that is unexpected.



M>Strickland, 466 U.S. at 694; Jackson, 877 S.W.2d at
771; Wilkerson v. State, 726 S.W.2d 542, 550-51 (Tex. Crim App. 1986), cert. denied, 480 U.S.
940 (1987).

 The defendant bears the burden of proof on both prongs of the Strickland test. 
Jackson, 877 S.W.2d at 771. Furthermore, a reviewing court must indulge a strong presumption
that counsel's conduct falls within the wide range of reasonable professional assistance; that is,
"the defendant must overcome the presumption that, under the circumstances, the challenged
action `might be considered sound trial strategy.'" Strickland, 466 U.S. at 689; Jackson, 877
S.W.2d at 771. In other words, the record presented to the reviewing court must rebut the
presumption of reasonable professional assistance. Jackson, 877 S.W.2d at 771.

 In the instant case, the record is silent as to why appellant's trial counsel may have
performed in the manner alleged. A trial record alone is generally insufficient to address claims
of ineffective assistance of counsel because of the strong presumption that trial counsel acted
competently. Jackson, 877 S.W.2d at 772 (Baird, J., concurring). Here, appellant did not file
a motion for new trial; therefore, the record contains nothing on the issue of counsel's
effectiveness. In a direct-appeal challenge to counsel's effectiveness, a hearing on a motion for
new trial is the primary method for making a record of counsel's deficiencies. (1) 

 On this undeveloped record, appellant asks us to speculate as to why counsel did
not seek to have evidence suppressed or file other pretrial motions. There is no indication in the
record of irregularity or lack of probable cause in the stop and search by police of the vehicle in
which appellant was riding. Nor is there indication that counsel was ever surprised by evidence
presented at trial and could thus have benefitted from a pretrial motion for discovery. A
determination not to expend time and resources on presumably useless m