NO. 07-01-0042-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 29, 2002

_____


JOSE L. VASQUEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 177TH DISTRICT COURT OF HARRIS COUNTY;

NO. 831576; HONORABLE CAROL DAVIES, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Jose L. Vasquez was convicted by a jury of aggravated sexual assault and sentenced to confinement for 25 years in the Institutional Division of the Department of Criminal Justice. He challenges the legal and factual sufficiency of the evidence to sustain that conviction by asserting the evidence (1) is insufficient to corroborate the testimony of the accomplice witness that he penetrated the female sexual organ of the

victim as required by the Code of Criminal Procedure, (2) is legally insufficient to support the conviction under paragraphs one and two of the indictment because the evidence does not show that he placed the victim in fear that serious bodily injury or death would be imminently inflicted on her, (3) is factually insufficient to support the conviction under paragraphs one, two, and three of the indictment, and thus the verdict is clearly wrong and manifestly unjust, and (4) is legally insufficient to support the conviction under paragraph four of the indictment because there is no evidence that he assaulted the victim anally. Finding no reversible error, we affirm the judgment of the trial court.

On the night of December 18, 1999, the 14-year-old victim, T. F., went to a quinceanera with her friend N. R. At the party, the girls met two boys, who identified themselves as Daniel and Jose. About 1:30 a.m., the girls could not find who brought them to the party so that they could return home. Jose told them his brother would give them a ride, so they got into a station wagon with nine Hispanic males. When the driver went in the opposite direction of the home of N. R., she managed to escape as it stopped at a traffic light and obtained the license plate number. N. R. then ran home and called the police. T. F. tried to crawl out of the back of the station wagon, but someone stopped her. The car was driven down a dirt road and into a field. The men got out of the car, and T. F. tried to run away, but was pushed to the ground and had her clothes torn off. She was then assaulted, according to her testimony, nine times vaginally and three times anally. Some of these assaults occurred simultaneously. One or more of the men also attempted to force her to perform oral sex and ejaculated on her face. During most of the assaults,

her eyes were covered, so she could not identify who was assaulting her at any particular moment, but she testified they were laughing during the assaults. The men then got back into the car and left, and T. F. ran to a local motel and called the police. The station wagon was stopped a short time later, and T. F. identified the men as those who assaulted her.

In the first count of the indictment, appellant was charged with intentionally and knowingly causing the penetration of the female sexual organ of the complainant by acts and words placing her in fear that serious bodily injury and death would be imminently inflicted on her. In the second count, he was charged with causing the penetration of the anus of the complainant by the same aggravating acts. In the third and fourth counts, appellant was charged with the penetration of the complainant vaginally and anally by acting in concert with Miguel Lopez and Miguel Flores, who engaged in the conduct described and which occurred during the course of the same criminal episode.

During the trial, one of the other men present that night, Christian Padilla, testified that appellant got on top of the victim, but did not know if he entered her. He further stated that appellant "didn't last long." It is appellant's contention in his first issue that the only evidence he had sexual intercourse with the victim or participated in any way is the testimony of the accomplice witness.

Article 38.14 of the Code of Criminal Procedure provides:

3

A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense.

Tex. Code Crim. Proc. Ann. art. 38.14 (Vernon 1979). There is no dispute among the parties that Padilla is an accomplice witness. In determining whether an accomplice witness's testimony has been corroborated, the accomplice testimony is ignored, and the remaining evidence is examined to determine if it tends to connect the defendant to the offense. *Colella v. State*, 915 S.W.2d 834, 838 (Tex.Crim.App. 1995); *Munoz v. State*, 853 S.W.2d 558, 559 (Tex.Crim.App. 1993). The corroborative evidence does not need to establish the defendant's guilt of the charged offense nor directly link him to the offense, but is sufficient if it tends to connect him to the offense. *Colella*, 915 S.W.2d at 838. All facts, both direct and circumstantial, may be considered, and if the combined cumulative weight of the other incriminating evidence tends to connect the defendant with the commission of the offense, then the requirements of article 38.14 have been met. *Gosch v. State*, 819 S.W.2d 775, 777 (Tex.Crim.App. 1991), *cert. denied,* 509 U.S. 922, 113 S.Ct. 3035, 125 L.Ed.2d 722 (1993).

The victim was unable to identify appellant as one who assaulted her, covered her eyes, pushed her to the ground, or held her down. However, appellant admitted in his own testimony that he was present in the car and during some of the assaults. He also testified that he heard one of the men say while in the car that they were going to rape her. When arrested, appellant had dirt on his knee and his pants were unfastened, which was similar

4

to the physical appearance of some of the other men in the car, although appellant attempted to explain his appearance by testifying that he went off to urinate, slipped and fell to his knee. There were no positive tests for blood or seminal fluid on appellant's clothing, but his DNA was found on the victim's halter top, chin, and neck, for which appellant could provide no explanation.

Thus, even without Padilla's testimony, appellant was undisputedly connected to the scene of the crime and to some contact with the victim in order that his DNA was found on her. He also had mud on his knee and his pants were unfastened, such as might exist had appellant attempted to recently sexually assault the victim. Proof that the defendant was at or near the scene of the crime at or about the time it happened, along with evidence of other suspicious circumstances may tend to connect the accused to the crime. *Richardson v. State*, 879 S.W.2d 874, 880 (Tex.Crim.App. 1993), *cert. denied,* 513 U.S. 1085, 115 S.Ct. 741, 130 L.Ed.2d 643 (1995).

However, appellant claims that proof of his DNA on the victim's halter top, neck, and chin does not corroborate the accomplice testimony that he engaged in sexual intercourse. The lack of blood, vaginal secretions, and seminal fluid containing sperm cells on his underwear or other clothing shows, he posits, that his DNA must have been transferred by some bodily fluid other than semen. Further, he asserts, his explanation as to why his pants were unfastened and why there was mud on his knee is uncontradicted, and therefore that evidence is insufficient to corroborate the accomplice testimony. He relies

on *Navejar v. State*, 760 S.W.2d 786 (Tex.App.--Corpus Christi 1988, pet. ref'd), in support of that proposition.

As already noted, the corroboration evidence does not have to prove the offense, but only has to connect the defendant to the offense. Thus, the evidence does not have to corroborate every element of the offense charged. *Thomas v. State*, 993 S.W.2d 392, 393 (Tex.App.--Eastland 1999, no pet.); *see also Holladay v. State*, 709 S.W.2d 194, 199-202 (Tex.Crim.App. 1986). Furthermore, the holding in *Navejar* is distinguishable because the court in that case relied on the fact that the only corroborating evidence was the defendant's presence at the scene of the crime and there was no evidence of direct contact between the defendant and the accomplice witness, who were involved in a drug transaction. *Navejar*, 760 S.W.2d at 788. In this instance, there is DNA evidence of direct contact between appellant and the victim. More specifically, DNA was found on the victim's halter top, neck and chin, and she testified that one or more persons ejaculated on her face. Moreover, although appellant's explanation as to the condition of his clothing at the time of his arrest is not directly contradicted, there is also evidence that several of the men had mud or dirt on one or both knees and their pants were unfastened at the time of their arrest, which reflects on the credibility of appellant's explanation. One of the chemists testified that if a male vaginally or anally penetrated a female, put on his clothes, did not shower, and was arrested within 30 minutes, it is likely there would be semen or body fluids on that person's clothes which were not found on appellant. However, another chemist stated that the presence of such evidence was only a possibility. We believe the

6

cumulative weight of the evidence is sufficient corroboration of the accomplice testimony. Appellant's first issue is overruled.

In his second and third issues, appellant argues the evidence is legally and factually insufficient to support his conviction under paragraphs one and two of the indictment because it does not show that appellant placed the victim in fear that serious bodily injury or death would be imminently inflicted on her. The gist of appellant's argument is that because the victim testified that he did not say one word to her and because she does not speak Spanish and he does not speak English, he did not verbally threaten her. Furthermore, the physical acts committed were only those commonly associated with a sexual assault, and even if the accomplice testimony is believed, the only evidence against appellant is that he got on top of the victim and had intercourse with her. Even though the victim testified that she was told that if she did not stop yelling, her throat would be cut and that threat caused her to fear for her life, appellant urges there is no evidence that he made or even had knowledge of that threat.

The standard by which we review the legal sufficiency of the evidence is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). Under a factual sufficiency review, we must review all of the evidence without the prism of in the light most favorable to the prosecution and determine whether the verdict is so

against the weight of the evidence as to be clearly wrong and manifestly unjust. *Clewis v. State*, 922 S.W.2d 126, 129 (Tex.Crim.App. 1996). The charge allowed the jury to find appellant guilty if he acted alone or with others as a party by either placing the victim in fear of imminent serious bodily injury or death or acting in concert with Lopez or Flores during the course of the same criminal episode. The jury returned a general verdict of guilt.

A person is criminally responsible as a party to an offense if it is committed by his own conduct or by the conduct of another for which he is criminally responsible. Tex. Pen. Code Ann. § 7.01(a) (Vernon 1994). A person is criminally responsible for the offense committed by the conduct of another if he acts with intent to promote or assist the commission of the offense and solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. *Id.* § 7.02(a)(2). In determining the sufficiency of the evidence under the law of parties, we must examine the events before, during, and after the commission of the offense, and may rely on actions of appellant which show an understanding and common design to commit the offense. *Burdine v. State*, 719 S.W.2d 309, 315 (Tex.Crim.App. 1986), *cert. denied,* 480 U.S. 940, 107 S.Ct. 1590, 94 L.Ed.2d 779 (1987). The evidence is sufficient when the actor is physically present at the commission of the offense and encourages the commission by words or other agreement. *Id.*

The State does not argue that there is evidence that appellant, either acting alone or as a party, placed the victim in fear of imminent serious bodily injury or death. However, the State argues that if the evidence is sufficient to establish that appellant acted either as a principal or party in concert with Lopez or Flores during the course of the same criminal episode, then it is not necessary for us to make a determination as to the victim's fear of serious bodily injury or death. While we agree that there is no evidence that appellant made a threat to the victim or had knowledge that one was made, we also agree with the State that since the jury returned a general verdict, if the evidence is sufficient to support a guilty verdict under any of the allegations, the verdict will be upheld. *Rabbani v. State*, 847 S.W.2d 555, 558 (Tex.Crim.App. 1992), *cert. denied,* 509 U.S. 926, 113 S.Ct. 3047, 125 L.Ed.2d 731 (1993).

A person commits an aggravated sexual assault if he acts in concert with another who engages in the conduct directed toward the same victim and occurring during the course of the same criminal episode. Tex. Pen. Code Ann. § 22.021(a)(2)(A)(v) (Vernon Supp. 2002). There was evidence that, before the commission of the offense while still in the car, several of the men talked about raping the victim, although appellant claims he thought these comments were a joke. Padilla testified that Lopez raped the victim vaginally and Flores raped her anally. Padilla also testified that appellant raped the victim.[1] Appellant himself testified both Flores and Lopez raped her vaginally, but denied

---

[1]Even though Padilla could not say if appellant entered the victim, it has been held that any contact which results in pushing aside the labia constitutes penetration, even if the vaginal canal is not entered. *Vernon v. State,* 841 S.W.2d 407, 409 (Tex.Crim.App.

9

he had done so. However, it is uncontroverted that appellant was present while those events were taking place. There is also evidence that at least one unidentified person ejaculated on the victim's face, and appellant's DNA was found on her neck and chin. Lopez's DNA was also found on her forehead, chest, and chin. Additionally, Flores's boxer shorts and jeans showed DNA of the victim. Positive tests for the presence of seminal fluid were also found on Lopez's jeans and Flores's underwear and jeans.

Appellant claimed not to know whether the sexual intercourse was without consent, even though he observed N. R. escape from the car while yelling and saw the victim attempt to escape, but someone pulled her back. He also saw one of the other men grab the victim and throw her to the ground, and someone covered her eyes. After the commission of the offense, the men in the car were arrested and were observed with mud or dirt on their knees or other clothes, including appellant, and appellant's pants were unfastened. Under these facts, the trier of fact could have found that appellant acted in concert with Flores and Lopez in penetrating the sexual organ of the victim, and that finding is not manifestly unjust. Any conflicts in the evidence were within the province of the jury to resolve. Appellant's second and third issues are overruled.

In his fourth issue, appellant claims there is no evidence to support his conviction for aggravated sexual assault under paragraph four of the indictment because there is no evidence that appellant assaulted the victim anally. As already discussed, even if there

1992).

is no evidence that appellant himself placed his sexual organ in the victim's anus, there is evidence that appellant vaginally assaulted the victim and acted in concert with Flores and Lopez in their assaults. The sufficiency of that evidence alone will uphold the judgment. Appellant's fourth issue is overruled.

Finally, appellant complains that the evidence is factually insufficient to support his conviction for aggravated sexual assault under paragraph three of the indictment because the evidence is so weak that the verdict is manifestly unjust. We have previously recited the testimony that appellant, Flores, and Lopez all vaginally raped the victim during the same criminal episode, and we decline to hold that any jury finding that appellant acted in concert with Flores and Lopez is clearly wrong. Appellant's fifth issue is overruled.

Having overruled all of appellant's issues, we affirm the judgment of the trial court.

John T. Boyd
Chief Justice

Do not publish.

11