NO. 07-02-0201-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



MARCH 3, 2003



______________________________




WILLIAM LAWRENCE DALLY, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE



_________________________________



FROM THE 84TH DISTRICT COURT OF HUTCHINSON COUNTY;



NO. 8756; HONORABLE WILLIAM D. SMITH, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS, J. and BOYD, S.J. (1)

MEMORANDUM OPINION (2)

 Upon a plea of not guilty, appellant William Lawrence Dally was convicted by a jury
of possession of methamphetamine in an amount less than one gram and sentenced to 
two years confinement and a $10,000 fine. Presenting only one point of error, appellant
contends the trial court erred in denying his motion for a mistrial because of the
prosecutor's improper jury argument during the punishment phase of the trial. Based upon
the rationale expressed herein, we affirm. 

 The underlying facts of appellant's offense are not in dispute and thus will not be
detailed here. During closing argument of the punishment phase of trial, while referencing
appellant's prior convictions which had been admitted into evidence, the prosecutor made
the following remarks:

 [Prosecutor]: In 1999, the offense of Enticing a Child. The jury gave him 180
days on that. Enticing a Child, don't know what would have happened if it
had gone past enticing a child, would stop at that point, but there it is -


 [Defense Counsel]: Your Honor, I will object to that. There is no evidence
of what happened and he is alluding to the fact maybe something happened.


The trial court sustained the objection, and instructed the jury to disregard. Thereafter, the
prosecutor resumed his argument:

 [Prosecutor]: Well let me state it a different way. Enticing a child - it
doesn't state what he was enticing a child to do. He was found guilty of
enticing a child. Rehabilitation -


Defense counsel commenced two objections, but for reasons not shown in the record, did
not complete them; however, the trial court overruled the incomplete objections and the
prosecutor finished his argument. After the jury retired to deliberate punishment,
appellant's counsel then presented a motion for mistrial based on improper jury argument,
i.e., facts not in evidence, and the motion was denied.

 The trial court has discretion to grant or deny a motion for mistrial. Lewis v. State,
911 S.W.2d 1, 7 (Tex.Cr.App. 1995). Accordingly, we will not substitute our judgment for
that of the trial court but decide whether the trial court's decision constitutes an abuse of
discretion. Stults v. State, 23 S.W.3d 198, 206 (Tex.App--Houston [14th Dist.] 2000, no
pet.). The purpose of closing argument is to facilitate the jury's proper analysis of the
evidence presented at trial so that it may arrive at a just and reasonable conclusion based
on the admitted evidence alone. Campbell v. State, 610 S.W.2d 754, 756 (Tex.Cr.App.
[Panel Op.] 1980); Taylor v. State, 911 S.W.2d 906, 911 (Tex.App.-Fort Worth 1995, pet.
ref'd). To be permissible, jury argument must fall within one of the following four general
areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3)
answer to opposing counsel's argument; or (4) plea for law enforcement. Cantu v. State,
939 S.W.2d 627, 633 (Tex.Cr.App. 1997), cert. denied, 522 U.S. 944, 118 S.Ct. 557, 139
L. Ed.2d 399 (1997). 

 Improper jury argument constitutes reversible error only if, in the light of the entire
record, the argument is extreme or manifestly improper, violates a mandatory statute, or
injects into the trial new facts which are harmful to the accused. Felder v. State, 848
S.W.2d 85, 95 (Tex.Cr.App. 1992), cert. denied, 510 U.S. 829, 126 L.Ed.2d 62, 114 S.Ct.
95 (1993). From our review of the record, we conclude the prosecutor was engaging in
permissible evidence summation because appellant's prior conviction for Enticing a Child
had been admitted into evidence. Thus, the trial court did not abuse its discretion in
denying appellant's motion for mistrial. Appellant's sole point is overruled. 

 Accordingly, the judgment of the trial court is affirmed. 


 Don H. Reavis

 Justice


Do not publish.

1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. 
2. Tex. R. App. P. 47.1.


d sexual intercourse with the victim or participated in any way is the
testimony of the accomplice witness. 

 Article 38.14 of the Code of Criminal Procedure provides:

 A conviction cannot be had upon the testimony of an accomplice unless
corroborated by other evidence tending to connect the defendant with the
offense committed; and the corroboration is not sufficient if it merely shows
the commission of the offense. 


 Tex. Code Crim. Proc. Ann. art. 38.14 (Vernon 1979). There is no dispute among
the parties that Padilla is an accomplice witness. In determining whether an accomplice
witness's testimony has been corroborated, the accomplice testimony is ignored, and the
remaining evidence is examined to determine if it tends to connect the defendant to the
offense. Colella v. State, 915 S.W.2d 834, 838 (Tex.Crim.App. 1995); Munoz v. State, 853
S.W.2d 558, 559 (Tex.Crim.App. 1993). The corroborative evidence does not need to
establish the defendant's guilt of the charged offense nor directly link him to the offense,
but is sufficient if it tends to connect him to the offense. Colella, 915 S.W.2d at 838. All
facts, both direct and circumstantial, may be considered, and if the combined cumulative
weight of the other incriminating evidence tends to connect the defendant with the
commission of the offense, then the requirements of article 38.14 have been met. Gosch
v. State, 819 S.W.2d 775, 777 (Tex.Crim.App. 1991), cert. denied, 509 U.S. 922, 113 S.Ct.
3035, 125 L.Ed.2d 722 (1993). 

 The victim was unable to identify appellant as one who assaulted her, covered her
eyes, pushed her to the ground, or held her down. However, appellant admitted in his own
testimony that he was present in the car and during some of the assaults. He also testified
that he heard one of the men say while in the car that they were going to rape her. When
arrested, appellant had dirt on his knee and his pants were unfastened, which was similar
to the physical appearance of some of the other men in the car, although appellant
attempted to explain his appearance by testifying that he went off to urinate, slipped and
fell to his knee. There were no positive tests for blood or seminal fluid on appellant's
clothing, but his DNA was found on the victim's halter top, chin, and neck, for which
appellant could provide no explanation. 

 Thus, even without Padilla's testimony, appellant was undisputedly connected to
the scene of the crime and to some contact with the victim in order that his DNA was found
on her. He also had mud on his knee and his pants were unfastened, such as might exist
had appellant attempted to recently sexually assault the victim. Proof that the defendant
was at or near the scene of the crime at or about the time it happened, along with evidence
of other suspicious circumstances may tend to connect the accused to the crime. 
Richardson v. State, 879 S.W.2d 874, 880 (Tex.Crim.App. 1993), cert. denied, 513 U.S.
1085, 115 S.Ct. 741, 130 L.Ed.2d 643 (1995). 

 However, appellant claims that proof of his DNA on the victim's halter top, neck, and
chin does not corroborate the accomplice testimony that he engaged in sexual intercourse. 
The lack of blood, vaginal secretions, and seminal fluid containing sperm cells on his
underwear or other clothing shows, he posits, that his DNA must have been transferred
by some bodily fluid other than semen. Further, he asserts, his explanation as to why his
pants were unfastened and why there was mud on his knee is uncontradicted, and
therefore that evidence is insufficient to corroborate the accomplice testimony. He relies
on Navejar v. State, 760 S.W.2d 786 (Tex.App.--Corpus Christi 1988, pet. ref'd), in support
of that proposition. 

 As already noted, the corroboration evidence does not have to prove the offense,
but only has to connect the defendant to the offense. Thus, the evidence does not have
to corroborate every element of the offense charged. Thomas v. State, 993 S.W.2d 392,
393 (Tex.App.--Eastland 1999, no pet.); see also Holladay v. State, 709 S.W.2d 194, 199-202 (Tex.Crim.App. 1986). Furthermore, the holding in Navejar is distinguishable because
the court in that case relied on the fact that the only corroborating evidence was the
defendant's presence at the scene of the crime and there was no evidence of direct
contact between the defendant and the accomplice witness, who were involved in a drug
transaction. Navejar, 760 S.W.2d at 788. In this instance, there is DNA evidence of direct
contact between appellant and the victim. More specifically, DNA was found on the
victim's halter top, neck and chin, and she testified that one or more persons ejaculated
on her face. Moreover, although appellant's explanation as to the condition of his clothing
at the time of his arrest is not directly contradicted, there is also evidence that several of
the men had mud or dirt on one or both knees and their pants were unfastened at the time
of their arrest, which reflects on the credibility of appellant's explanation. One of the
chemists testified that if a male vaginally or anally penetrated a female, put on his clothes,
did not shower, and was arrested within 30 minutes, it is likely there would be semen or
body fluids on that person's clothes which were not found on appellant. However, another
chemist stated that the presence of such evidence was only a possibility. We believe the
cumulative weight of the evidence is sufficient corroboration of the accomplice testimony. 
Appellant's first issue is overruled. 

 In his second and third issues, appellant argues the evidence is legally and factually
insufficient to support his conviction under paragraphs one and two of the indictment
because it does not show that appellant placed the victim in fear that serious bodily injury
or death would be imminently inflicted on her. The gist of appellant's argument is that
because the victim testified that he did not say one word to her and because she does not
speak Spanish and he does not speak English, he did not verbally threaten her. 
Furthermore, the physical acts committed were only those commonly associated with a
sexual assault, and even if the accomplice testimony is believed, the only evidence against
appellant is that he got on top of the victim and had intercourse with her. Even though the
victim testified that she was told that if she did not stop yelling, her throat would be cut and
that threat caused her to fear for her life, appellant urges there is no evidence that he
made or even had knowledge of that threat. 

 The standard by which we review the legal sufficiency of the evidence is whether,
after reviewing the evidence in the light most favorable to the prosecution, any rational trier
of fact could have found the essential elements of the crime beyond a reasonable doubt. 
Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). 
Under a factual sufficiency review, we must review all of the evidence without the prism
of in the light most favorable to the prosecution and determine whether the verdict is so
against the weight of the evidence as to be clearly wrong and manifestly unjust. Clewis
v. State, 922 S.W.2d 126, 129 (Tex.Crim.App. 1996). The charge allowed the jury to find
appellant guilty if he acted alone or with others as a party by either placing the victim in
fear of imminent serious bodily injury or death or acting in concert with Lopez or Flores
during the course of the same criminal episode. The jury returned a general verdict of
guilt.

 A person is criminally responsible as a party to an offense if it is committed by his
own conduct or by the conduct of another for which he is criminally responsible. Tex. Pen.
Code Ann. § 7.01(a) (Vernon 1994). A person is criminally responsible for the offense
committed by the conduct of another if he acts with intent to promote or assist the
commission of the offense and solicits, encourages, directs, aids, or attempts to aid the
other person to commit the offense. Id. § 7.02(a)(2). In determining the sufficiency of the
evidence under the law of parties, we must examine the events before, during, and after
the commission of the offense, and may rely on actions of appellant which show an
understanding and common design to commit the offense. Burdine v. State, 719 S.W.2d
309, 315 (Tex.Crim.App. 1986), cert. denied, 480 U.S. 940, 107 S.Ct. 1590, 94 L.Ed.2d
779 (1987). The evidence is sufficient when the actor is physically present at the
commission of the offense and encourages the commission by words or other agreement. 
Id. 

 The State does not argue that there is evidence that appellant, either acting alone
or as a party, placed the victim in fear of imminent serious bodily injury or death. However,
the State argues that if the evidence is sufficient to establish that appellant acted either
as a principal or party in concert with Lopez or Flores during the course of the same
criminal episode, then it is not necessary for us to make a determination as to the victim's
fear of serious bodily injury or death. While we agree that there is no evidence that
appellant made a threat to the victim or had knowledge that one was made, we also agree
with the State that since the jury returned a general verdict, if the evidence is sufficient to
support a guilty verdict under any of the allegations, the verdict will be upheld. Rabbani
v. State, 847 S.W.2d 555, 558 (Tex.Crim.App. 1992), cert. denied, 509 U.S. 926, 113 S.Ct.
3047, 125 L.Ed.2d 731 (1993). 

 A person commits an aggravated sexual assault if he acts in concert with another
who engages in the conduct directed toward the same victim and occurring during the
course of the same criminal episode. Tex. Pen. Code Ann. § 22.021(a)(2)(A)(v) (Vernon
Supp. 2002). There was evidence that, before the commission of the offense while still in
the car, several of the men talked about raping the victim, although appellant claims he
thought these comments were a joke. Padilla testified that Lopez raped the victim
vaginally and Flores raped her anally. Padilla also testified that appellant raped the
victim. (1) Appellant himself testified both Flores and Lopez raped her vaginally, but denied
he had done so. However, it is uncontroverted that appellant was present while those
events were taking place. There is also evidence that at least one unidentified person
ejaculated on the victim's face, and appellant's DNA was found on her neck and chin. 
Lopez's DNA was also found on her forehead, chest, and chin. Additionally, Flores's boxer
shorts and jeans showed DNA of the victim. Positive tests for the presence of seminal fluid
were also found on Lopez's jeans and Flores's underwear and jeans. 

 Appellant claimed not to know whether the sexual intercourse was without consent,
even though he observed N. R. escape from the car while yelling and saw the victim
attempt to escape, but someone pulled her back. He also saw one of the other men grab
the victim and throw her to the ground, and someone covered her eyes. After the
commission of the offense, the men in the car were arrested and were observed with mud
or dirt on their knees or other clothes, including appellant, and appellant's pants were
unfastened. Under these facts, the trier of fact could have found that appellant acted in
concert with Flores and Lopez in penetrating the sexual organ of the victim, and that
finding is not manifestly unjust. Any conflicts in the evidence were within the province of
the jury to resolve. Appellant's second and third issues are overruled.

 In his fourth issue, appellant claims there is no evidence to support his conviction
for aggravated sexual assault under paragraph four of the indictment because there is no
evidence that appellant assaulted the victim anally. As already discussed, even if there
is no evidence that appellant himself placed his sexual organ in the victim's anus, there
is evidence that appellant vaginally assaulted the victim and acted in concert with Flores
and Lopez in their assaults. The sufficiency of that evidence alone will uphold the
judgment. Appellant's fourth issue is overruled.

 Finally, appellant complains that the evidence is factually insufficient to support his
conviction for aggravated sexual assault under paragraph three of the indictment because
the evidence is so weak that the verdict is manifestly unjust. We have previously recited
the testimony that appellant, Flores, and Lopez all vaginally raped the victim during the
same criminal episode, and we decline to hold that any jury finding that appellant acted in
concert with Flores and Lopez is clearly wrong. Appellant's fifth issue is overruled.

 Having overruled all of appellant's issues, we affirm the judgment of the trial court.


 John T. Boyd

 Chief Justice


Do not publish. 

 

 

 
1. Even though Padilla could not say if appellant entered the victim, it has been held
that any contact which results in pushing aside the labia constitutes penetration, even if
the vaginal canal is not entered. Vernon v. State, 841 S.W.2d 407, 409 (Tex.Crim.App.
1992).